WISE, Justice.
James Waltman and Progressive Casualty Insurance Company (“Progressive”) (hereinafter referred to collectively as “the petitioners”) separately petition this Court for a writ of mandamus directing the Perry Circuit Court to vacate its order denying Waltman’s and Progressive’s motions to transfer this action from the Perry Circuit Court to the Tuscaloosa Circuit Court and to enter an order granting the motions. We grant the petitions and issue the writs.

Facts and Procedural History

On July 14, 2011, John Owens, a resident of Hale County and an employee of Griffin Wood Company, Inc. (“Griffin Wood”), was operating a log truck on Greensboro Avenue in Tuscaloosa County; the log truck was not carrying any logs. At the same time, Waltman, a resident of Tuscaloosa County, was operating a vehicle that was towing a utility trailer on Greensboro Avenue. The utility trailer Waltman was towing disconnected from his vehicle and struck Owens’s truck, resulting in injuries to Owens.
On December 20, 2011, Owens sued Griffin Wood, Waltman, Progressive, and GEICO Indemnity Company (“GEICO”). Owens included a workers’ compensation claim against Griffin Wood based on an allegation that he was working in the line and scope of his employment for Griffin Wood at the time of the accident; claims of negligence, wanton and reckless conduct, *1113 and negligent, reckless, and/or wanton violations of the rules of the road against Waltman; and uninsured/underinsured-motorist claims against Progressive and GEICO.[1] Owens alleged, in part, that he filed the action in Perry County because Griffin Wood’s principal place of business is in Perry County. See § 6-S-7(a)(2), Ala. Code 1975.[2]
On February 8, 2012, Waltman filed a motion to transfer the action from Perry County to Tuscaloosa County. In support of his motion, Waltman contended that venue would be appropriate in Tuscaloosa County pursuant to § 6-3-2(3), Ala.Code 1975, because the accident occurred in Tuscaloosa County; because the “hitch on the tongue of the utility trailer Waltman was pulling had been attached to his vehicle by a company in Tuscaloosa [County on] the morning of’ the accident; and because Waltman was then residing in Tuscaloosa County and he was a resident of Tuscaloosa County at the time the accident occurred and at the time the complaint was filed. Waltman also argued that Perry County’s connection to the claims was very weak and that Tuscaloosa County’s connection to the claims was much stronger. Specifically, he contended that Perry County’s only connection to the case is that Griffin Wood has its principal place of business in Perry County and that, although Owens had alleged that he was engaged in the line and scope of his duties as an employee of Griffin Wood at the time of the accident, his log truck was not carrying any logs at the time of the accident. Therefore, citing § 6-3-21.1, Ala.Code 1975, Waltman argued that the action should be transferred to Tuscaloosa County based on the interest-of-justice prong of the doctrine of forum non conve-niens.
On February 9, 2012, Progressive filed a motion to transfer the case from Perry County to Tuscaloosa County. It adopted in its entirety the motion Waltman filed. Also, citing § 6-3-2(a)(3), Ala.Code 1975, it argued that venue for an automobile accident is normally proper in the county in which the accident occurred or the county in which the alleged tortfeasor resides, both of which, in this case, would be Tuscaloosa County.
On April 4, 2012, Owens filed an opposition to the motions to transfer. He argued that the citizens of Perry County have a strong interest in the affairs of one of its resident corporations and the determination of workers’ compensation benefits owed to its employees. Owens also argued that the provision for subrogation in § 25-5-11(a) of the workers’ compensation act
“clearly sets forth a strong interest and connection in the motor vehicle accident case to Perry County. Namely, one of the employers and participants in Perry County’s all-important timber business has a right to be fully compensated for any benefits extended to Owens from the party responsible for Owens’[s] injuries.”
Finally, he argued that “Alabama law is replete with cases tried in a county other than where an [automobile] accident occurred.” Owens concluded that Perry County did have a strong connection to and interest in the case and that, therefore, the interest of justice would not re *1114 quire a change of venue from Perry County to Tuscaloosa County. On April 11, 2012, Waltman filed a reply to Owens’s opposition.
Griffin Wood moved to bifurcate the workers’ compensation count from the other counts in the complaint. On April 29, 2012, the circuit court granted the motion, ordering that “the workers’ compensation claim shall be tried without a jury and separately from the remaining counts in this lawsuit.”
On May 16, 2012, Waltman filed a supplement to his motion to transfer. In that supplement, he cited this Court’s decision in Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371 (Ala.2012), as being on point and supporting the transfer to Tuscaloosa County.
On September 9, 2012, the circuit court denied the motions to transfer the case. These petitions followed.

Standard of Review

“A petition for a writ of mandamus is the appropriate ‘method for obtaining review of a denial of a motion for a change of venue’ pursuant to § 6-3-21.1. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998)....
[[Image here]]
“ ‘A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified “in the interest of justice.”’ Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id., where ‘the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala.Code 1975, compels the trial court to transfer the action to the alternative forum.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 912 (Ala.2008) (emphasis added).”
Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573 (Ala.2011).

Discussion

The petitioners argue that the circuit court exceeded its discretion in denying their motions to transfer the action from Perry County to Tuscaloosa County. Specifically, citing § 6-3-21.1, Ala.Code 1975, which governs when an action must be transferred to another venue under the doctrine of forum non conveniens, they contend that the interest-of-justice prong of the forum non conveniens statute mandates a transfer to Tuscaloosa County.
Section 6-3-21.1, Ala.Code 1975, provides, in pertinent part:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
(Emphasis added.) The parties do not dispute that the complaint was filed in an appropriate venue, namely, Perry County. Likewise, they do not dispute that the action could properly have been filed in Tuscaloosa County.[3] However, they do *1115 dispute whether the interest-of-justice prong of § 6-3-21.1 requires a transfer of this case from Perry County to Tuscaloosa County.
“Historically, the plaintiff has had the initial choice of venue under the system established by the legislature for determining venue. Before the enactment of § 6-8-21.1 by the Alabama Legislature in 1987, a plaintiffs choice of venue could not be disturbed on the basis of convenience to the parties or the witnesses or in the interest of justice. With the adoption of § 6-3-21.1, trial courts now have ‘the power and the duty to transfer a cause when “the interest of justice” requires a transfer.’ Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 660 (Ala.1998) (emphasis added). In First Family, this Court noted that an argument that trial judges have almost unlimited discretion in determining whether a case should be transferred under § 6-3-21.1 ‘must be considered in light of the fact that the Legislature used the word “shall” instead of the word “may” in § 6-3-21.1.’ 718 So.2d at 660. This Court has further held that ‘Alabama’s forum non conveniens statute is compulsory.’ Ex parte Sawyer, 892 So.2d 898, 905 n. 9 (Ala.2004).”
Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748-49 (Ala.2010).
“The ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [(Ala.1998)]. Therefore, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that ‘litigation should be handled in the forum where the injury occurred.’ Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).”
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008).
The petitioners rely primarily on this Court’s decisions in Ex parte Autauga Heating & Cooling, LLC, supra, Ex parte Wachovia Bank, N.A., supra, and Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371 (Ala.2012), all of which involved requests for a change of venue under the interest-of-justice prong of the forum non conveniens statute. In Ex parte Autauga Heating & Cooling, LLC, a vehicle being driven by Lori Wright, a resident of Elmore County, was involved in an accident in Elmore County with a vehicle owned by Autauga Heating & Cooling, LLC, which had its principal place of business in Autauga County, and driven by Richard Alexander Rogers, a Montgomery resident. Wright sued Rogers and Autau- *1116 ga Heating & Cooling in Montgomery County, and Rogers and Autauga Heating & Cooling filed a motion to transfer the action to Elmore County based on the doctrine of forum non conveniens. After the circuit court denied the motion, Autau-ga Heating & Cooling and Rogers petitioned this Court for a writ of mandamus, and we issued the writ based on the interest-of-justice prong of the forum non con-veniens statute, reasoning, in part:
“Although we agree with Wright that the case has a connection with Montgomery County because Rogers is a resident of Montgomery County and Au-tauga Heating & Air may have some business connections there, we hold that the overall connection between Montgomery County and this case is weak and that the connection between the case and Elmore County is strong.
“First, the accident occurred in El-more County. Wright, the plaintiff, is a resident of Elmore County. Further, Rebecca McCullers, the emergency medical technician who responded to the accident, testified in her affidavit that she worked for Haynes Ambulance of Wetumpka, Inc., and that she is a resident of Elmore County. The principal place of business of Haynes Ambulance of Wetumpka, Inc., is in Elmore County. On the other hand, the connection between the case and Montgomery County, given the evidence before the trial court, is weak. Besides the fact that Rogers is a resident of Montgomery County, there was no other evidence before the trial court indicating a connection between the case and Montgomery County.
[[Image here]]
“The accident underlying this action occurred in Elmore County, and the emergency personnel who responded to the accident were from Elmore County. The plaintiff herself is a resident of El-more County. This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there. We thus conclude that the trial court exceeded its discretion in denying the petitioners’ motion for a change of venue. The trial court is hereby directed to transfer the case to the Elmore Circuit Court.”
Ex parte Autauga Heating & Cooling, LLC, 58 So.3d at 750-51.
Also, in Ex parte Wachovia Bank, Tameka Floyd and Adam Lee Floyd were signatories on a business-checking account in the name of Adam Lee Floyd d/b/a Unique Image Pro Car Care (“Unique”) at a branch of Wachovia Bank in Lee County. After discovering that Tammy Sistrunk, “a sometime employee of Unique,” had taken funds from Unique’s account by forging names on withdrawal slips, the Floyds sued Sistrunk and Wachovia in Macon County, where Sistrunk lived. The Floyds later added as a defendant James M. Sutherland, an employee of Wachovia, who also resided in Macon County. Wachovia moved to transfer the action to Lee County under the interest-of-justice prong of the forum non conveniens statute, but the circuit court denied the motion. Wachovia then petitioned this Court for a writ of mandamus, and we issued the writ, reasoning, in part:
“Lee County is the situs of all the alleged acts or omissions giving rise to the plaintiffs’ claims. Any allegedly unauthorized withdrawals were made from a Wachovia branch in Lee County. Police investigation of the matter was conducted in Lee County. Lee County is Floyd’s place of residence, as well as the *1117 location of Unique. Thus, Lee County is the place where all the injury alleged in the complaint occurred. Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis. See Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748 (Ala.2010) (‘ “[Tjhis Court has held that ‘litigation should be handled in the forum where the injury occurred.’ ” ’ (quoting Ex parte Indiana Mills [& Mfg., Inc.], 10 So.3d [536,] 540 [(Ala.2008)])); Ex parte McKenzie Oil, Inc., 13 So.3d 346, 349 (Ala.2008) (same).
“In short, nothing material to this case transpired in Macon County. Macon County’s sole material contact with this case is that the two individual defendants, Sistrunk and Sutherland, reside there.”
77 So.3d at 573-74.
Finally, in Ex parte Southeast Alabama Timber, Patricia Gail Webster was injured in an accident involving a vehicle that was owned by Southeast Alabama Timber Harvesting, LLC (“Southeast”), and driven by one of its employees, Michael J. Smith. Although the accident occurred in Lee County, Webster sued Southeast and the driver of its vehicle in Chambers County, where Southeast had its principal place of business. After the circuit court denied the defendants’ motion to transfer the case to Lee County, they petitioned this Court for a writ of mandamus, and we issued the writ, reasoning, in part:
“[T]his action was filed in the county of a defendant’s residence or principal place of business — Chambers County— although the accident occurred in another county — Lee County. As this Court has observed: ‘Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis.’ Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573-74 (Ala.2011). Also, ... the emergency personnel who responded to the accident in which Webster was injured work in the county to which Southeast and Smith seek to have the action transferred. Further, the only nonparty eyewitness to the accident lives and works in Lee County, and Webster was living and working in Lee County at the time of the accident.
[[Image here]]
“This Court has held that the ‘interest of justice’ requires transferring an action to a county with a strong connection to the case as opposed to keeping it in a county with an overall weak connection. Chambers County’s sole connection with the case — that it is the principal place of business of Southeast — is weak in comparison to Lee County’s connection with the case.
“Based on the foregoing, we conclude that the circuit court exceeded its discretion in denying Southeast and Smith’s motion for a change of venue based on the doctrine of forum non conveniens. We therefore grant Southeast and Smith’s petition for the writ of mandamus and direct the circuit court, in the interest of justice, to enter an order transferring the case from the Chambers Circuit Court to the Lee Circuit Court.”
Ex parte Southeast Alabama Timber, 94 So.3d at 375-77.
Based on the reasoning in Ex parte Autauga Heating & Cooling, Ex parte Wachovia Bank, and Ex parte Southeast Alabama Timber, the petitioners have established that Tuscaloosa County has a stronger connection to the claims in this case than has Perry County. The accident occurred in Tuscaloosa County; the hitch *1118 on the tongue of the utility trailer Wait-man was pulling had been attached to his vehicle by a company in Tuscaloosa County on the morning of the accident; and Wattman currently resides in Tuscaloosa County and he was residing there at the time the accident occurred and at the time the complaint was filed.
In contrast, the only connection the case has to Perry County is that Griffin Wood has its principal place of business there. Owens argues that the citizens of Perry County have a strong interest in the affairs of one of its resident corporations and the determination of workers’ compensation benefits owed to its employees and any possible subrogation rights of Griffin Wood. However, the circuit court bifurcated the workers’ compensation claim from the remaining claims and ordered that the workers’ compensation claim be tried without a jury. Therefore, a jury would not be hearing those claims in Perry County. Also, there was no evidence indicating that Griffin Wood had paid any workers’ compensation benefits and filed any claim for subrogation. Citing Ex parte Yocum, 963 So.2d 600 (Ala.2007), and Ex parte City of Haleyville, 827 So.2d 778 (Ala.2002), Owens argues that there are numerous decisions that did not require that an action be tried in the county where the incident occurred. However, in Ex parte Southeast Alabama Timber, 94 So.3d at 376, this Court distinguished Ex parte Yocum and Ex parte Haleyville as follows:
“In Yocum, the plaintiff, a resident of Dallas County, filed her action in Jefferson County, the residence or principal place of business of two of the defendants. Several defendants who resided in Dallas County filed a motion to transfer the action to Dallas County on the basis of the doctrine of forum non con-veniens. The Jefferson Circuit Court denied the motion to transfer, and this Court denied the defendants’ subsequent petition for a writ of mandamus. Unlike this case, Yocum involved a contract dispute in which the claims against the Jefferson County defendants included fraud, suppression, conversion, and interference with business relations. This Court concluded that the Jefferson Circuit Court did not exceed its discretion in denying the motion to transfer ‘[bjecause of the nexus between Jefferson County and the alleged participation of the two Jefferson County defendants in the alleged scheme to overcharge Ca-haba Timber so as to deflate its profits and hence the amount due [the plaintiff].’ Ex parte Yocum, 963 So.2d at 603. Thus, this Court denied the petition for a writ of mandamus seeking a transfer of the case from Jefferson County not simply because two of the defendants resided or had a principal place of business in Jefferson County, but because Jefferson County had a substantial connection to the matters giving rise to the action. [Two of the alleged principal wrongdoers operated out of Jefferson County.]
“Haleyville involved an action filed in Marion County by a plaintiff who fell at the Downtown Mall of Haleyville, which is located in Winston County. The defendant, the City of Haleyville, filed a motion for a change of venue to Winston County based on § 6-3-11, Ala.Code 1975, the statute that controls venue for civil actions filed against municipalities. Webster argues that in Haleyville ‘the trial court and this Court did not feel that the interest of justice required that the plaintiff must prosecute her case in the county where she fell rather than her chosen forum.’ Webster’s brief, p. 10. In fact, this Court did not address the interest-of-justiee factor in Haley-ville because the defendant’s motion to transfer the case was not based upon *1119 the doctrine of forum non conveniens. The City of Haleyville contended that venue was improper in Marion County, not that Winston County was a more appropriate or more convenient forum. Therefore, Haleyville provides no support for Webster’s position.”
Finally, although Owens makes reference to Perry County’s timber industry and cites Ex parte Siemag, 53 So.3d 974 (Ala.Civ.App.2010), to compare that industry to the coal-mining industry in Walker County, he did not present any evidence to the circuit court to support his allegations regarding Perry County’s timber industry.
“ ‘ “In considering a mandamus petition, we must look at only those facts before the trial court.” Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995) (emphasis added). Of course, facts must be based upon “evidentiary material,” which does not include statements of counsel in motions, briefs, and arguments. Ex parte McCord-Baugh, 894 So.2d 679, 686 (Ala.2004). See also Providian Nat’l Bank v. Conner, 898 So.2d 714, 719 (Ala.2004).’
“Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 345 (Ala.2006). See also Ex parte Verbena United Methodist Church, 953 So.2d 395, 399 (Ala.2006). Because the information before this Court regarding Wright’s assertions is contained in ‘statements of counsel in motions, briefs, and arguments,’ it cannot be considered ‘evidentiary material’ and thus will not be considered by this Court.”
Ex parte Autauga Heating & Cooling, LLC, 58 So.3d at 749-50. Therefore, we have not considered those assertions about the presence of the timber business in Perry County in determining Perry County’s connection to this case.
Because Perry County has only a very weak overall connection to the claims and Tuscaloosa County has a much stronger connection to the claims, the interest-of-justice prong of the forum non conveniens statute requires that the action be transferred to Tuscaloosa County.

Conclusion

For the above-stated reasons, we conclude that the circuit court exceeded its discretion in denying Waltman’s and Progressive’s motions for a change of venue based on the interest-of-justice prong of the forum non conveniens statute. Accordingly, we grant Waltman’s and Progressive’s petitions for the writ of mandamus and direct the circuit court, in the interest of justice, to enter an order transferring the case from the Perry Circuit Court to the Tuscaloosa Circuit Court.
1111598 — PETITION GRANTED; WRIT ISSUED.
1120080 — PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and STUART and PARKER, JJ., concur.
SHAW, J., concurs in the result.

. Waltman alleges in his petition that GEICO was subsequently dismissed from the case.

. With regard to the venue for actions against corporations, § 6-3-7 provides, in pertinent part:
"(a) All civil actions against corporations may be brought in any of the following counties:
[[Image here]]
"(2) In the county of the corporation's principal office in this state ...."

. With regard to venue of actions against individuals, § 6-3-2, Ala.Code 1975, provides, in pertinent part:
*1115 "(a) In proceedings of a legal nature against individuals:
[[Image here]]
"(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.”