STUART, Justice.
State Farm Mutual Automobile Insurance Company (“State Farm”) petitions this Court for a writ of mandamus directing the Clarke Circuit Court to vacate its order dated July 8, 2013, denying State Farm’s motion to transfer this action from the Clarke Circuit Court to the Mobile Circuit Court and to enter an order granting the motion. We grant the petition and issue the writ.

Facts and Procedural History

The underlying action arises out of an automobile accident that occurred in Mobile County on February 8, 2010. Sandra H. Banks, a resident of both Clarke County and Mobile County, sued Robert Gary Spray, a resident of Baldwin County, and State Farm, an Illinois corporation authorized to do business in Alabama, in Clarke County. In her complaint, Banks alleged that she suffered injuries as a result of the wrongful, negligent, and/or wanton conduct of Spray when the vehicle he was driving and owned struck her vehicle. Additionally, Banks alleged that at the time of the accident she had a policy of insurance with State Farm, which included uninsured-/underinsured-motorist coverage, and that she was due proceeds under her coverage.
On March 4, 2013, State Farm moved to transfer the action to Mobile County pursuant to the doctrine of forum non conve-niens. In its motion, State Farm argued that both the convenience of the parties and the witnesses and the interest of justice required that the action be transferred to Mobile County because, it said, the accident occurred in Mobile County, most of the witnesses were located in Mobile County, and the action had a strong connection to Mobile County. State Farm attached to its motion an affidavit from David Jones, a law-enforcement officer who investigated the accident. Jones stated that “[i]t would be significantly more convenient for [him] if this action [was] transferred to Mobile County.” Jones averred that he understood that he would be called as a witness at trial and that Mobile County would be a more convenient venue for him because he lived approximately 8 miles from the Mobile County courthouse whereas he lived approximately 100 miles from the Clarke County courthouse. On July 8, 2013, the trial court denied State Farm’s motion to-transfer.
On August 16, 2013, State Farm petitioned this Court for a writ of mandamus directing the Clarke Circuit Court to vacate its July 8, 2013, order denying State Farm’s motion to transfer this action and to enter an order granting the motion. On December 10, 2013, this Court ordered the filing of answers and briefs. Neither the Clarke Circuit Court judge nor Banks filed an answer and brief within the time provided; therefore, our decision is based solely upon application of the law to the *1085 materials provided by State Farm in support of its petition.

Standard of Review

“‘A petition for a writ of mandamus is the appropriate “method for obtaining review of a denial of a motion for a change of venue” pursuant to § 6-3-21.1[, Ala.Code 1975], Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998)....
[[Image here]]
“ ‘ “A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified ‘in the interest of justice.’ ” Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id., where “the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala.Code 1975, compels the trial court to transfer the action to the alternative forum.” Ex parte First Tennessee Bank N.at’l Ass’n, 994 So.2d 906, 912 (Ala.2008) (emphasis added).’
“Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573 (Ala.2011).”
Ex parte Wattman, 116 So.3d 1111, 1114 (Ala.2013).

Discussion

State Farm contends that the trial court exceeded the scope of its discretion in refusing to transfer this action from Clarke County to Mobile County because, it says, both the “convenience of parties and witnesses” and the “interest of justice” prongs of the doctrine of forum.non conve-niens compel the transfer of this action to Mobile County. It is undisputed that venue of this action is proper both in Clarke County and in Mobile County.
Section 6-3-21.1, Ala.Code 1975, provides, in pertinent part:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
(Emphasis added.)
“Essentially, the doctrine of forum non conveniens allows a court that has jurisdiction and that is located where venue is proper to refuse to exercise its jurisdiction when, for the convenience of the parties and witnesses, and in the interests of justice and judicial economy, the case could be more appropriately tried in another forum. The prevailing question of whether a case should be entertained or dismissed depends upon the facts of the particular case and is addressed to the sound discretion of the trial judge. In determining whether to exercise or decline to exercise jurisdiction, the trial judge should consider the location where the acts giving rise to the action occurred, the relative ease of access to sources of proof, the location of the evidence, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of a view of the premises, if a view would be appropriate to the action, and any other matter in order to assess the degree of actual difficulty and hard *1086 ship that would result to the defendant in litigating the case in the forum chosen by the plaintiff. If, with an eye toward the goal of achieving a fair trial and after weighing all of the pertinent factors, the judge finds that the balance is strongly in favor of the defendant, he may decline to exercise jurisdiction and dismiss the complaint. Ex parte Southern Ry., 556 So.2d 1082 (Ala.1989); Ex parte Auto-Owners Ins. Co., [548 So.2d 1029 (Ala.1989) ].”
Ex parte Beiu-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990). However, this Court has recognized that although the trial court exercises discretion in ruling 'on a motion to transfer based on forum non conve-niens, “the Legislature in adopting § 6-3-21.1, intended to vest in the trial courts, the Court of Civil Appeals, and this Court the power and the duty to transfer a cause when ‘the interest of justice’ requires a transfer.” Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 660 (Ala.1998). In Ex parte Indiana Mills & Manufacturing, Inc., 10 So.Bd 536, 542 (Ala.2008), we further explained:
“[Although the trial court ‘has a degree of discretion in determining whether the factors listed in the statute ... are in favor of transferring the action,’ this degree of discretion is not unlimited and ‘must be considered in light of the fact that the Legislature used the word “shall” instead of the word “may” in § 6-3-21.1.’ [Ex parte First Family Fin. Sens.,] 718 So.2d at 660 (emphasis added). This statute, we have subsequently noted, is ‘compulsory,’ Ex parte Sawyer, 892 So.2d 898, 905 n. 9 (Ala. 2004), and the use of the word ‘shall’ is ‘imperative and mandatory.’ Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala.1998) (comparing the use of the word ‘shall’ in Alabama’s interstate forum non conveniens statute, Ala.Code 1975, § 6-5-430, with its use in § 6-3-21.1).”
First, State Farm contends that “the convenience of the parties and witnesses” requires that this action be transferred to Mobile County. In Ex parte Swift Loan & Finance Co., 667 So.2d 706, 708 (Ala.1995), this Court recognized that “[t]he transferee forum must be significantly more convenient than the forum in which the action was brought, as chosen by the plaintiffs, to justify a transfer.”
The materials before us indicate that State Farm satisfied its burden of showing that Mobile County is a significantly more convenient forum for this action than is Clarke County. In her responses to State Farm’s request for admissions, Banks admitted that she had residences in both Clarke County and Mobile County and that she resided “in both counties according to the months and what [was] occurring in my and my husband’s life.” She further admitted that her Mobile residence is less than 20 miles from the Mobile County courthouse, that the accident occurred in Mobile County, that she was transported from the scene of the accident to Mobile Infirmary by Mobile Fire and Rescue, and that the passenger in her car at the time of the accident is a resident of Mobile County. Additionally, the affidavit of David Jones, an officer for the Mobile Police Department who investigated the accident, notes that it would be more convenient for him for the case to be tried in Mobile County because he lives 8 miles from the Mobile County courthouse and over 100 miles from the Clarke County courthouse.
Because State Farm submitted materials establishing that the accident occurred in Mobile County, that the accident investigators and health-care providers are located in Mobile County, and that other po *1087 tential witnesses are located in Mobile County, State Farm satisfied its burden of establishing that Mobile County is a significantly more convenient forum for this action than is Clarke County. Therefore, the trial court exceeded the scope of its discretion in denying State Farm’s motion to transfer the case to Mobile County in this regard.
State Farm further contends that the “interest of justice” requires that this action be transferred to Mobile County because, it says, Mobile County has a strong connection to this action.
“ ‘The “interest of justice” prong of § 6-3-21.1 requires “the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.” Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala.1998) ]. Therefore, “in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the ‘nexus’ or ‘connection’ between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.” Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that “litigation should be handled in the forum where the injury occurred.” Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider “the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.” Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).’ “Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008).”
Ex parte Wattman, 116 So.3d 1111, 1115 (Ala.2013).
The trial court exceeded the scope of its discretion in denying State Farm’s motion to transfer the action to Mobile County because State Farm demonstrated that having the case heard in Mobile County would better serve the interests of justice. First and foremost, the accident occurred in Mobile County. The Mobile Police Department and Mobile Fire and Rescue responded to the scene of the accident. Banks was treated at Mobile Infirmary. The passenger in Banks’s car is a resident of Mobile County. Thus, Mobile County has a strong “nexus” or “connection” with this action. Where an automobile accident resulting in injury occurred in a county and the majority of witnesses reside in the county where the accident occurred, this Court has generally held “the interests of justice” merit a transfer to the county where the accident and the injury occurred. Ex parte Waltman, supra; Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371 (Ala.2012); Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745 (Ala.2010); and Ex parte Indiana Mills & Mfg., Inc., supra.
Clarke County, on the other hand, has a weak “connection” or “nexus” to this case. From the materials presented to this Court, it appears that the only connections this case has to Clarke County are that Banks resides there part of the time and that State Farm does business in Clarke County. None of the witnesses, other than Banks, resides in Clarke County, and none of the relevant facts in this action involves Clarke County. Nothing.before us establishes a need for Clarke County to be burdened with an action that arose in Mobile County simply because Banks resides there on a part-time basis. Instead, *1088 Mobile County clearly has a strong connection with this action. Therefore, we conclude that having this action heard in Mobile County would “more serve the interest of justice.” Ex parte Indiana Mills & Mfg., 10 So.3d at 542.
Because both the “convenience of parties and witnesses” and the “interest of justice” prongs of the doctrine of forum non conveniens compel the transfer of this action from Clarke County to Mobile County, the trial court exceeded the scope of its discretion in refusing to transfer the action.

Conclusion

State Farm has established a clear, legal right for this action to be transferred to Mobile County. Therefore, we grant State Farm’s petition and issue a writ directing the Clarke Circuit Court to vacate its order dated July 8, 2013, denying State Farm’s motion to transfer this action from the Clarke Circuit Court to the Mobile Circuit Court and to enter an order granting the motion.
PETITION GRANTED; WRIT ISSUED.
BOLIN, PARKER, and BRYAN, JJ„ concur.
MURDOCK and MAIN, JJ., concur in the result.
MOORE, C.J., dissents.
WISE, J., recuses herself.