MURDOCK,. Justice
(concurring in the result).
I previously have expressed concern as to the types of circumstances to which this Court in recent years has applied the “interest of justice” prong of our forum non conveniens statute. See, e.g., Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371, 377 (Ala.2012) (Mur-dock, J., dissenting). I write separately today to comment on the standard of appellate review now employed by this Court in such cases.
As the main opinion acknowledges, a trial court should employ the doctrine of forum non conveniens to transfer a case from a forum chosen by the plaintiff in which venue is proper only when “‘the balance is strongly in favor of the defendant.’” 149 So.3d at 1086 (quoting Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990)). Furthermore, as the main opinion also acknowledges, the trial court’s decision in this regard is to be considered by an appellate court as a matter of “discretion” for the trial court. Id. (quoting Ex parte Wattman, 116 So.3d 1111, 1114 (Ala.2013)). Despite these acknowledgments, I am concerned that the main opinion then concludes its discussion of the standard of review by articulating, at least for interest-of-justice cases, a standard of appellate review that, improperly in my opinion, is closer to a de novo standard than an excess-of-discretion standard. See 149 So.3d at 1086 (employing quotations from Ex parte First Family Financial Services, Inc., 718 So.2d 658, 660 (Ala.1998), and Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 542 (Ala.2008)).
That said, in this particular case, I concur in the result reached by the main opinion because I agree that the trial court did exceed its discretion in not transferring this case to the Mobile Circuit Court based on the convenience-of-the-parties- and-witnesses prong of § 6-3-21.1, Ala. Code 1975. I see no need in this case to reach the interest-of-justice prong of the statute.