THOMAS, Judge.
In December 2015, Laura Wyatt was injured while handling laundry during the course of her employment at Shelby Baptist Medical Center (“the medical center”). Wyatt filed in the Jefferson Circuit Court (“the trial court”) a complaint seeking workers’ compensation benefits from her employer, Baptist Health System, Inc. (“Baptist”), which owns and operates the medical center. On January 20, 2016, Baptist filed in the trial court a motion to change venue under the forum non conve-niens statute, Ala.Code 1975, § 6-3-21.1, seeking to have the action transferred to the Shelby Circuit Court.[1] In support of its motion, Baptist attached the affidavit of Kerry D. Black, its executive director of legal services, who stated that Wyatt’s home address indicated that she resided in Shelby County, that Wyatt was employed at the medical center, which is located in Shelby County, that the accident occurred at the medical center, and that Wyatt was initially treated for her injuries at the medical center. Thus, Baptist argued, transfer of the action to the Shelby Circuit Court was required because it would be the more convenient forum for the parties and the witnesses and because Shelby County has a far stronger connection or nexus to the action than does Jefferson County.
Wyatt responded to Baptist’s motion. She argued that transfer of the action to the Shelby Circuit Court was not required under § 6-3-21.1. As support for her argument that the action should not be transferred, Wyatt presented evidence indicating that Baptist’s principal place of business was located in Jefferson County and that, after her initial treatment at the medical center, she had received further treatment for her injuries in Jefferson County from Dr. Keneshia Kirksey at the University of Alabama Birmingham Hospital Spain Rehabilitation Clinic. Those facts, Wyatt contended, indicated that Jefferson County was an appropriate forum with sufficient connection to the action. Wyatt further argued that because, she said, Baptist had not presented evidence indicating that Shelby County would be a “significantly more convenient” forum, see Ex parte Nichols, 757 So.2d 374, 378 (Ala.1999), Baptist’s motion should be denied.
After a hearing, the trial court denied Baptist’s motion on March 11, 2016. Baptist timely filed this petition for a writ of mandamus on April 15, 2016. After a consideration of the arguments raised by both parties, we grant the petition.
“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for a writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its *621 discretion, i.e,, whether it exercised its discretion in an arbitrary and capricious manner.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). ‘A writ of mandamus is an extraordinary remedy, requiring the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ Ex parte Nichols, 757 So.2d 374, 376 (Ala.1999).”
Ex parte Yocum, 963 So.2d 600, 602 (Ala.2007).
Baptist relies on the forum non conve-niens statute, specifically § 6-3-21.1(a), which reads:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to eases subject to [Ala.Code 1975,] Section 30-3-5.”
We explained the burden on a party seeking a change of venue under the forum non conveniens statute in Ex parte Veolia Environmental SVC, 122 So.3d 839, 842 (Ala.Civ.App.2013):
“Under the forum non conveniens statute, a trial court must transfer an action when a party seeking the transfer proves either (1) that the convenience of the parties or witnesses would be significantly aided by transfer, see Ex parte Nichols, 757 So.2d 374, 378 (Ala.1999) (‘[T]he burden is on the party moving for the transfer to prove that the transferee forum is significantly more convenient than the plaintiffs chosen forum.’), or (2) that the ‘interests of justice’ necessitate a transfer. Ex parte National Sec. Ins. Co., 727 So.2d 788, 790 (Ala.1998) (‘[T]he “interest of justice” [prong] requirefe] the transfer of [an] action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’).
“ ‘ “A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties or witnesses or based on the interest of justice.” ’ Ex parte Kane, 989 So.2d 509, 511 (Ala.2008) (quoting Ex parte National Sec. Ins. Co., 727 So.2d at 789). ‘Our review is limited to only those facts that were before the trial court.’ Ex parte Kane, 989 So.2d at 511. Further, ‘those facts “must be based upon ‘evi-dentiary material,’ which does not include statements of counsel in motions, briefs, and arguments.” ’ Ex parte Indiana Mills & Mfg., Inc., 10 So.3d [536,] 541 n. 3 [ (Ala.2008) ] (quoting Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 345 (Ala.2006)).”
Baptist argues that a change of venue under § 6-3-21.1 is warranted in this action because the facts demonstrate that Shelby County has the more significant connection to the action, especially because the accident giving rise to Wyatt’s claim occurred in Shelby County.
“‘The “interest of justice” prong of § 6-3-21.1 requires “the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.” Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala.1998) ]. Therefore, “in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the ‘nexus’ or ‘connection’ between the plaintiffs action and the *622 original forum is strong enough to warrant burdening the plaintiffs forum with the action.” Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that “litigation should be handled in the forum where the injury occurred.” Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider “the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.” Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).’ ”
Ex parte Waltman, 116 So.3d 1111, 1115 (Ala.2013) (quoting Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008)).
Our supreme court explained a trial court’s duty to transfer an action under § 6-3-21.1 in Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748-49 (Ala.2010):
“Historically, the plaintiff has had the initial choice of venue under the system established by the legislature for determining venue. Before the enactment of § 6-3-21.1 by the Alabama Legislature in 1987, a plaintiffs choice of venue could not be disturbed on the basis of convenience to the parties or the witnesses or in the interest of justice. With the adoption of § 6-3-21.1, trial courts now have ‘the power and the duty to transfer a cause when “the interest of justice” requires a transfer.’ Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 660 (Ala.1998) (emphasis added). In First Family, this Court noted that an argument that trial judges have almost unlimited discretion in determining whether a case should be transferred under § 6-3-21.1 ‘must be considered in light of the fact that the Legislature used the word “shall” instead of the word “may” in § 6-3-21.1.’ 718 So.2d at 660. This Court has further held that ‘Alabama’s forum non conveniens statute is compulsory.’ Ex parte Sawyer, 892 So.2d 898, 905 n. 9 (Ala.2004).”
Our supreme court applied the interest-of-justice prong of § 6-3-21.1 to facts similar to those in the present case in Ex parte McKenzie Oil Co., 13 So.3d 346 (Ala.2008). The vehicular accident giving rise to underlying cause of action in Ex parte McKenzie Oil had occurred in Escambia County. Ex parte McKenzie Oil Co., 13 So.3d at 347. The plaintiff, Lee Harris Franklin, was injured in the accident and received treatment at a medical facility located in Escambia County. Id. Franklin, a resident of Clarke County, later brought an action in the Barbour Circuit Court against Gary Dewayne Heathcock, the intoxicated driver of the vehicle that had allegedly caused the accident, and McKenzie Oil Company (“McKenzie Oil”), the owner of the convenience store that had sold alcohol to an allegedly visibly intoxicated Heathcock; Franklin chose to file suit in Barbour County because McKenzie Oil’s corporate headquarters were located that county. Id.
As it began its analysis under § 6-3-21.1, our supreme court explained that “ ‘litigation should be handled in the forum where the injury occurred.’ ” Id. at 349 (quoting Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006)). The court noted that “McKenzie [Oil] therefore had the burden of demonstrating ‘ “that having the case heard in [Escambia] County would more serve the interest of justice....’”” Ex parte McKenzie Oil Co., 13 So.3d at 349 (quoting Ex parte First Tennessee Bank, 994 So.2d at 909, quoting in turn Ex parte *623 Fuller, 955 So.2d at 416). The court stated that McKenzie Oil has demonstrated that “virtually none of the events or circumstances involved in this case occurred in or relate to Barbour County” and that “all material events in this case, including the accident, occurred in Escambia County,” and it concluded that the interest of justice would be better served by having the action tried in Escambia County. Id. at 349. Thus, the Ex parte McKenzie Oil court directed the trial court to transfer the action from Barbour County to Escambia County. Id. at 350.
In Ex parte Autauga Heating & Cooling, our supreme court considered whether a trial court had improperly applied the interest-of-justice prong of § 6-3-21.1 when it denied a motion to change venue from Montgomery County to Elmore County. Ex parte Autauga Heating & Cooling, 58 So.3d at 747. The underlying action in Ex parte Autauga Heating & Cooling had arisen from a vehicular accident that had occurred in Elmore County, but the plaintiff, Lori Lee Wright, a resident of Elmore County, had filed the action in the Montgomery Circuit Court. Id. In support of her contention that the Montgomery Circuit Court had properly denied the motion to change venue, Wright argued that the individual defendant, Richard Rogers, lived in Montgomery County and alleged, without evidentiary support, that she had undergone medical treatment in Montgomery County. Id. at 749. In addition, the materials presented in support of the mandamus petition filed in the supreme court indicated that the corporate defendant, Autauga Heating and Cooling, LLC, might have done business in Montgomery County as well as in Elmore County. Id. Based on those facts, our supreme court determined that, although the action had some connection to Montgomery County, “[tjhis Court sees no need to burden Montgomery County, with its weak connection to the ease, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there.” Id. at 750.
More recently, in Ex parte Wattman our supreme court considered whether the Perry Circuit Court had abused its discretion in denying motions seeking a change of venue to the Tuscaloosa Circuit Court based on the interest-of-justice prong of § 6-3-21.1. Ex parte Waltman, 116 So.3d at 1113-14. The movants, defendants John Wattman and Progressive Casualty Insurance Company (“Progressive”), argued that the following facts supported a conclusion that the action should be transferred to the Tuscaloosa Circuit Court: that the vehicular accident giving rise to the claims against the defendants had occurred in Tuscaloosa County, that the plaintiff resided in Tuscaloosa County, and that the company that had attached a trailer to a vehicle of one of the defendants had performed that task in Tuscaloosa County. Id. at 1113. The plaintiff, John Owens, had commenced the action in the Perry Circuit Court because Perry County was the principal place of business of one of the defendants, Griffin Wood Company, Inc. (“Griffin”). Id. In response to the motion to change venue, Owens argued that Perry County had a “strong interest in the affairs of one of its resident corporations” and that, based on the subrogation rights granted to employers in Ala.Code 1975, § 25-5-11(a), Perry County had strong interest in the litigation because “ ‘one of the employers and participants in Perry County’s all-important timber business has a right to be fully compensated for any benefits extended to [its employee,] Owens[,] from the party responsible for Owens’[s] injuries.’ ” Id.
*624 According to our supreme court, a comparison of the connection to the forum county and to the proposed transferee county is required to apply § 6-3-21.1. Id. at 1115. The Ex parte Waltman court determined that Waltman and Progressive had established that Tuscaloosa County had a strong connection to the action because the accident had occurred in that county, the trailer that caused the accident had been installed in that county, and Wattman resided in that county. Id, at 1117-18. In contrast, our supreme court concluded, the only connection Perry County had to the litigation was that Griffin had its principal place of business in the county. Id. at 1118. Based on the comparatively weak connection Perry County had to the action, our supreme court determined that § 6-3-21.1 required the transfer of the action to Tuscaloosa County. Id. at 1119.
Based on Ex parte Waltman, Ex parte Autauga Heating & Cooling, Ex parte McKenzie Oil, and the authorities discussed in each of those cases, we cannot agree with Wyatt that the trial court properly denied Baptist’s motion to change venue. Wyatt lives in Shelby County, and she was injured in Shelby County at her place of employment. Baptist, which owns and operates the medical center at which Wyatt is employed, has its principal place of business in Jefferson County, but that factor is, according to Ex parte Waltman and Ex parte McKenzie Oil, of marginal importance in the analysis under § 6-3-21.1, especially when the venue to which the movant seeks to have the action transferred is the county in which the accident occurred. See Ex parte Waltman, 116 So.3d at 1117-18; Ex parte McKenzie Oil, 13 So.3d at 349.
The only factual difference between this case and Ex parte Wattman and Ex parte McKenzie Oil is that Wyatt not only has proven that Baptist’s principal place of business is in Jefferson County, but also has provided one additional connection to Jefferson County: Wyatt’s treatment by a physician located in Jefferson County.[2] However, the more significant and relevant connections arise from the fact that the accident giving rise to Wyatt’s cause of action occurred in Shelby County, where she is employed by Baptist at the medical center. Wyatt is seeking workers’ compensation benefits from Baptist based on an alleged work-related accident at the medical center, and many of the facts and circumstances establishing her right to such benefits—like whether she was an employee of Baptist and whether her injury arose out of and in the course of that employment—would have arisen in, or concern evidence available more readily in, Shelby County. In addition, the people of Jefferson County would have little interest in a case involving whether workers’ compensation benefits are due to Wyatt, a Shelby County resident, arising from her employment in Shelby County. The fact that some evidence regarding her injury might come from a witness located in Jefferson County cannot prevent the conclusion that Shelby County has far stronger connections to Wyatt’s action than has Jefferson County. Thus, the fact that Wyatt received medical treatment in Jefferson County does not alter our conclusion that, *625 under Wattman, Autauga Heating and Cooling, and McKenzie Oil, the interest-of-justice prong of § 6-3-21.1 requires transfer of Wyatt’s action to Shelby County.[3]
Accordingly, we grant the petition for the writ of mandamus and direct the Jefferson Circuit Court to enter an order transferring the action to the Shelby Circuit Court.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Both parties concede that venue is appropriate in either county. See Ala.Code 1975, § 25-5-81(a) (indicating that venue in a workers' compensation action is proper in the county in which the action would be brought if it sounded in tort), and Ala.Code 1975, § 6-3-7(a)(l) and (2) (governing venue of tort actions in which claims are asserted against a corporation, which is proper "[i]n the county in which a substantial part of the events or omissions giving rise to the claim occurred” or "[i]n the county of the corporation’s principal office in this state”). The materials submitted in support of and in opposition to the petition indicate that Baptist’s "principal office in this state” is located in Jefferson County.

. Although that physician's convenience might be of some consequence to a determination whether the action should be transferred based on the convenience of the parties and witnesses, we pretermit discussion of that prong of the § 6-3-21.1 analysis in light of our conclusion that the interest of justice requires transfer of the present action to Shelby County because of its stronger connection to the action. See Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371, 373 (Ala.2012).

. Wyatt argues that her choice of forum should be given preference. See Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala.2003) (“When venue is appropriate in more than one county, the plaintiff’s choice of one venue is generally given great deference.”). Wyatt also relies on the principle that a party seeking a change of venue under § 6-3-21.1 must demonstrate that the proposed forum is " ‘significantly more convenient' ” than the forum selected by the plaintiff. Ex parte Perfection Siding, Inc., 882 So.2d at 312 (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995)). However, the authorities on which Wyatt relies focused on whether a transfer under § 6-3-21.1 was warranted under a convenience-of-the-parties analysis as opposed to an interest-of-justice analysis, an’ issue that we have pretermitted. See note 2, supra.