PER CURIAM.
Autauga Heating & Cooling, LLC, and Richard Alexander Rogers (hereinafter referred to collectively as “the petitioners”) petition this Court for a writ of mandamus directing the Montgomery Circuit Court to transfer this action to Elmore County on the basis of the doctrine of forum non conveniens. We grant the petition and issue the writ.
Facts and Procedural History On August 3, 2007, Lori Lee Wright, a resident of Elmore County, was driving northbound on the Deatsville Highway in Elmore County. Rogers, a resident of Montgomery County, was driving a vehicle owned by Autauga Heating & Cooling, which has its principal place of business in Autauga County, and was traveling southbound on the Deatsville Highway. Rogers attempted to turn left into a private driveway and was struck by Wright’s vehicle as he crossed her pathway. Rogers alleges that Wright was traveling at an excessive rate of speed. Emergency medical technicians who reside in Elmore County responded to the scene of the accident and provided emergency treatment to Wright.[1]
Wright sued the petitioners in the Montgomery Circuit Court on March 31, 2009. On May 6, 2009, the petitioners filed a motion to transfer the case to the Elmore Circuit Court based on § 6-3-21.1, Ala. Code 1975, the forum non conveniens statute. The trial court denied the motion.

Standard of Review

‘“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’ Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998). A writ of mandamus is appropriate when the petitioner can demonstrate ‘(1) a clear right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another remedy; and (4) the properly invoked jurisdiction of the court.’ Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001). Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of forum non conveniens by asking whether the trial court exceeded its discretion. Ex parte Fuller, 955 So.2d 414 (Ala. 2006); Ex parte Verbena United Methodist Church, 953 So.2d 395 (Ala.2006). Our review is limited to only those facts that were before the trial court. Ex parte Pike Fabrication, Inc., 859 So.2d 1089,1091 (Ala.2002).”
Ex parte Kane, 989 So.2d 509, 511 (Ala.2008).

Discussion

All parties agree that venue in this case is proper in both Montgomery County and Elmore County. However, the petitioners argued in their motion for a change of venue before the trial court as well as in their petition for the writ of mandamus that the case should be transferred to Elmore County pursuant to § 6-3-21.1(a), Ala.Code 1975, the forum non conveniens statute. Section 6-3-21.1(a) provides:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of the parties and witnesses, or in the in *748 terest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.... ”
“A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified ⅛ the interest of justice.’ ” Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008) (quoting Ex parte Masonite Corp., 789 So.2d 830, 831 (Ala.2001), and citing Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998)). The petitioners argue that a transfer of the case to Elmore County is justified both for the convenience of the parties and witnesses as well as in the interest of justice. This Court need not analyze the convenience factor because we hold that a transfer is required under the interest-of-justice factor.
This Court addressed the same issue in Ex parte Indiana Mills & Manufacturing, Inc., supra. In Indiana Mills, this Court stated:
“The ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins. Co., 727 So.2d at 790. Therefore, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that ‘litigation should be handled in the forum where the injury occurred.’ Ex paHe Fuller, 955 So.2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex paHe Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007). The petitioners in this case are thus required to demonstrate ‘ “that having the case heard in [Elmore] County would more serve the interest of justice” ’ than having the case heard in [Montgomery] County. Ex paHe First Tennessee Bank, 994 So.2d at 909 (quoting Ex paHe Fuller, 955 So.2d 414, 416 (Ala.2006)).”
10 So.3d at 540.
Historically, the plaintiff has had the initial choice of venue under the system established by the legislature for determining venue. Before the enactment of § 6-3-21.1 by the Alabama Legislature in 1987, a plaintiffs choice of venue could not be disturbed on the basis of convenience to the parties or the witnesses or in the interest of justice. With the adoption of § 6-3-21.1, trial courts now have “the power and the duty to transfer a cause when ‘the interest of justice’ requires a transfer.” Ex paHe First Family Fin. Seros., Inc., 718 So.2d 658, 660 (Ala.1998) (emphasis added). In First Family, this Court noted that an argument that trial judges have almost unlimited discretion in determining whether a case should be transferred under § 6-3-21.1 “must be considered in light of the fact that the Legislature used the word ‘shall’ instead of the word ‘may’ in § 6-3-21.1.” 718 So.2d at 660. This Court has further held that “Alabama’s forum non conveniens statute *749 is compulsory.” Ex parte Sawyer, 892 So.2d 898, 905 n. 9 (Ala.2004).
The petitioners argue that a transfer of the case to Elmore County is warranted because (1) the accident occurred in Elmore County, (2) Wright, the plaintiff, lives in Elmore County, (3) Au-tauga Heating & Cooling has its principal place of business in Autauga County with business connections to Elmore County but “few, if any, business connections with Montgomery County,” and (4) witnesses, including the emergency medical technician who assisted in transporting Wright to the hospital after the accident, reside in Elmore County.[2] Wright, however, argues that the case should remain in Montgomery County because, she alleges, (1) Rogers is a resident of Montgomery County, (2) Wright’s treating physician is located in Montgomery County, (3) Baptist Medical Center South and the Montgomery Surgical Center, where Wright was treated for injuries sustained in the accident, are both located in Montgomery County, (4) Wright sought chiropractic treatment and physical therapy in Autauga County, but the chiropractor who treated her also maintains a Montgomery office, (5) the state trooper who investigated the accident is based out of the Montgomery post of the Alabama Department of Public Safety, and (6) two witnesses live in Crestview, Florida, and would be able to fly directly to the Montgomery Regional Airport. Although Wright alleges that these facts are undisputed, nothing before this Court reflects that Wright presented any evidence to the trial court showing that her treating physician is located in Montgomery, that she was treated at Baptist Medical Center South or at the Montgomery Surgical Center, that she sought chiropractic treatment in Autauga County from a chiropractor who also has an office in Montgomery County, or that the state trooper who investigated the accident is based out of the Montgomery post of the Department of Public Safety. Wright merely makes these assertions in her brief in opposition to the petitioners’ motion for a change of venue, and that brief was not accompanied by any affidavits or any other forms of evidence that would have attested to the veracity of these statements. As this Court has previously held:
“‘In considering a mandamus petition, we must look at only those facts before the trial court.’ Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala. 1995) (emphasis added). Of course, facts must be based upon ‘evidentiary material,’ which does not include statements of counsel in motions, briefs, and arguments. Ex parte McCord-Baugh, 894 So.2d 679, 686 (Ala.2004). See also Providian Natl Bank v. Conner, 898 So.2d 714, 719 (Ala.2004).”
Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 345 (Ala.2006). See also Ex parte Verbena United Methodist Church, 953 So.2d 395, 399 (Ala.2006). Because the information before this Court regarding Wright’s assertions is contained in “statements of counsel in motions, briefs, and arguments,” it cannot be considered “evi- *750 dentiary material” and thus will not be considered by this Court.
Although we agree with Wright that the case has a connection with Montgomery County because Rogers is a resident of Montgomery County and Autauga Heating & Air may have some business connections there, we hold that the overall connection between Montgomery County and this case is weak and that the connection between the case and Elmore County is strong.
First, the accident occurred in Elmore County. Wright, the plaintiff, is a resident of Elmore County. Further, Rebecca McCullers, the emergency medical technician who responded to the accident, testified in her affidavit that she worked for Haynes Ambulance of Wetumpka, Inc., and that she is a resident of Elmore County. The principal place of business of Haynes Ambulance of Wetumpka, Inc., is in Elmore County. On the other hand, the connection between the case and Montgomery County, given the evidence before the trial court, is weak. Besides the fact that Rogers is resident of Montgomery County, there was no other evidence before the trial court indicating a connection between the case and Montgomery County-
This Court addressed similar facts in Ex parte Indiana Mills & Manufacturing, Inc., supra. In Indiana Mills, the decedent was driving a garbage truck in Lee County owned by his employer when the raised rear door of the truck struck an overhead railroad trestle, causing the truck to crash. The decedent was killed when he was ejected from the truck. His widow filed a complaint in Macon County against the manufacturers of the garbage truck and the seat belts in the truck and three employees of the decedent’s employer. The employer’s principal place of business was in Tallapoosa County. The employer conducted business in Macon County, and one of the individual defendants lived in Macon County. The defendants moved the trial court to transfer the case to Lee County based on the doctrine of forum non conveniens. The trial court denied that motion, and the defendants petitioned this Court for mandamus relief.
This Court granted the defendants’ mandamus petition and ordered the trial court to transfer the case from Macon County to Lee County based on the “interest of justice” prong of § 6-3-21.1. In doing so, this Court noted that the accident occurred in Lee County, that the law-enforcement and emergency personnel who had responded to the accident were based out of Lee County, that the chief deputy coroner who investigated the decedent’s death did his work in Lee County, and that the records and documents of the fire department that responded to the accident were located in Lee County. Comparing this to the fact that only one of the individual defendant resided in Macon County and that the employer conducted business there, there being no other relevant facts involving Macon County, this Court held that the nexus between Lee County and the case was strong, that the nexus between Macon County and the case was weak, and that the trial court thus had exceeded its discretion in refusing to transfer the case to Lee County.
The accident underlying this action occurred in Elmore County, and the emergency personnel who responded to the accident were from Elmore County. The plaintiff herself is a resident of Elmore County. This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there. We thus *751 conclude that the trial court exceeded its discretion in denying the petitioners’ motion for a change of venue. The trial court is hereby directed to transfer the case to the Elmore Circuit Court.
PETITION GRANTED; WRIT ISSUED.
LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.

. The materials before this Court do not indicate whether Rogers was injured as a result of the collision.

. Wright argues that an affidavit of the emergency medical technician was not properly before the trial court for its consideration because it was attached to the petitioners' October 2, 2009, supplemental brief to the trial court in support of their motion for a change of venue and the petitioners’ supplemental brief "was denied by the trial court on October 7, 2009.” (Wright's brief, p. 6.) However, the materials before this Court show that the petitioners’ "Motion for Change of Venue/Transfer” was denied by an order the trial court on October 7, 2009. Nothing before this Court indicates that the supplemental brief or its supporting exhibits were ever struck from record; thus, the affidavit is evidence for this Court’s consideration.