WOODALL, Justice.
Wachovia Bank, N.A. (“Wachovia”), petitions this Court for a writ of mandamus directing the Macon Circuit Court to vacate its order denying Wachovia’s motion to transfer the underlying case to Lee County on the ground of forum non conve- *572 niens and to enter an order granting the motion. We grant the petition and issue the writ.

I. Factual and Procedural Background

On April 4, 2008, Tameka Floyd and her husband, Adam Lee Floyd, were joint signatories on a business checking account in the name of Adam Lee Floyd, d/b/a Unique Image Pro Car Care (“Unique”), at one of Wachovia’s branch banks in Auburn. On that day, an allegedly unauthorized withdrawal in the amount of $3,000 appeared on Unique’s account. The discovery of this withdrawal precipitated an investigation by the Auburn Police Department.
On March 30, 2009, Tameka Floyd and Unique filed a complaint in the Macon Circuit Court against Wachovia and Tammy Sistrunk, a sometime employee of Unique, alleging that Sistrunk — a resident of Macon County — had taken funds from Unique’s account “by forging the name of an authorized signatory on withdrawal slips.” The complaint alleged that Wacho-via “knew, or should have known, that Defendant Sistrunk was not a signatory on Plaintiffs’ account and ... had no authority to withdraw money.” The complaint sought recovery of damages on various theories, including negligence and conversion.
On April 30, 2009, Wachovia answered the complaint, contending, among other things, that venue was improper in Macon County. Its venue challenge did not include, in the alternative, a request for a change of venue on the ground of forum non conveniens. On October 7, 2009, Floyd and Unique filed a first amended complaint, asserting a fraud claim against Wachovia.
On January 22, 2010, Wachovia answered the first amended complaint, again pleading that venue was improper in Macon County[1] and, in the alternative, that the case was “due to be transferred pursuant to AIa.Code [1975,] § 6-3-21.1 for the convenience of the parties and witnesses and in the interest of justice.” On January 26, 2010, Wachovia filed a motion to transfer the action to Lee County, arguing primarily that a transfer was required based on caselaw applying the “interest-of-justice” prong of § 6-3-21.1.
On April 6, 2010, the motion to transfer was orally argued in the trial court. On April 8, 2010, Floyd and Unique filed a second amended complaint, adding as a defendant James M. Sutherland, a resident of Macon County. The amended pleading averred that Sutherland was “an employee of Defendant Wachovia and [was] responsible for supervision of the tellers, who processed” Sistrunk’s allegedly unauthorized account activity. On May 28, 2010, Wa-chovia filed a renewed motion to transfer the action to Lee County. On June 7, 2010, Sutherland filed a motion for a summary judgment.
On June 15, 2010, the trial court entered an order setting an August date for the trial of the case. On June 30, 2010, Wa-chovia filed a motion for a summary judgment. On July 22, 2010, the trial court entered an order postponing the trial date. On July 12, 2010, Wachovia moved to strike the plaintiffs’ jury demand. On January 13, 2011, the trial court heard arguments on, among other things, the summary-judgment motions and the motion to strike the jury demand. Before ruling on those motions, the trial court, on January 28, 2011, denied Wachovia’s mo *573 tion to transfer the case to Lee County. This petition followed.

II. Discussion

A petition for a writ of mandamus is the appropriate “method for obtaining review of a denial of a motion for a change of venue” pursuant to § 6-3-21.1. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998). Section 6-3-21.1 provides, in pertinent part:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein....
“(b) The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to Section 6-3-20, Section 6-3-21 or Alabama Rules of Civil Procedure.”
(Emphasis added.)
“A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified ‘in the interest of justice.’ ” Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id., where “the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala.Code 1975, compels the trial court to transfer the action to the alternative forum.” Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 912 (Ala.2008) (emphasis added).
In its petition for the writ of mandamus, Wachovia relies solely on the interest-of-justice prong as a ground for transfer.
“ ‘[I]n analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d [at 911].... Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).”
Ex parte Indiana Mills, 10 So.3d at 540. Thus, the dispositive question is whether the nexus between this action and Macon County is “strong enough to warrant burdening” Macon County with this action. For the following reasons, we hold that it is not.
Lee County is the situs of all the alleged acts or omissions giving rise to the plaintiffs’ claims. Any allegedly unauthorized withdrawals were made from a Wa-chovia branch in Lee County. Police investigation of the matter was conducted in Lee County. Lee County is Floyd’s place of residence, as well as the location of Unique. Thus, Lee County is the place where all the injury alleged in the complaint occurred. Although it is not a talisman, the fact that the injury occurred in *574 the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis. See Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748 (Ala.2010) (“ ‘[T]his Court has held that “litigation should be handled in the forum where the injury occurred.” ’ ” (quoting Ex parte Indiana Mills, 10 So.3d at 540)); Ex parte McKenzie Oil, Inc., 13 So.3d 346, 349 (Ala.2008) (same).
In short, nothing material to this case transpired in Macon County. Macon County’s sole material contact with this case is that the two individual defendants, Sistrunk and Sutherland, reside there. Recent cases decided under the interest-of-justice prong are dispositive.
In Ex parte Autauga Heating & Cooling, LLC, for example, this Court issued a writ of mandamus directing the Montgomery Circuit Court — in the interest of justice — to transfer the action to Elmore County. 58 So.3d at 747. That case arose out of an automobile accident involving Lori Lee Wright, a resident of Elmore County, and Richard Alexander Rogers, a resident of Montgomery County. The vehicle being operated by Rogers at the time of the accident was owned by Autauga Heating & Cooling, LLC (“Autauga”), which had its principal place of business in Autauga County. The accident occurred in Elmore County, and Wright received treatment at the scene of the accident from emergency medical personnel who lived in Elmore County. 58 So.3d at 749. When an action was brought against Rogers in the county of his residence, Rogers sought the removal of the action to Elmore County, the situs of the alleged acts or omissions and the place of the injury.
This Court concluded that a transfer of the case was required. In so doing, we said:
“Although we agree with Wright that the case has a connection with Montgomery County because Rogers is a resident of Montgomery County and [Autauga] may have some business connections there, ... the overall connection between Montgomery County and this case is weak and ... the connection between the case and Elmore County is strong.
“... Besides the fact that Rogers is a resident of Montgomery County, there was no other evidence before the trial court indicating a connection between the case and Montgomery County.
[[Image here]]
“The accident underlying this action occurred in Elmore County, and the emergency personnel who responded to the accident were from Elmore County. The plaintiff herself is a resident of El-more County. This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there.”
58 So.3d at 750 (emphasis added).
In so holding, this Court relied on and discussed Ex parte Indiana Mills & Manufacturing, Inc.:
“This Court addressed similar facts in Ex parte Indiana Mills & Manufacturing, Inc., supra. In Indiana Mills, the decedent was driving a garbage truck in Lee County owned by his employer when the raised rear door of the truck struck an overhead railroad trestle, causing the truck to crash. The decedent was killed when he was ejected from the truck. His widow filed a complaint in Macon County against the manufacturers of the garbage truck and the seat belts in the truck and three employees of the decedent’s employer. The *575 employer’s principal place of business was in Tallapoosa County. The employer conducted business in Macon County, and one of the individual defendants lived in Macon County. The defendants moved the trial court to transfer the case to Lee County based on the doctrine of forum non conveniens. The trial court denied that motion, and the defendants petitioned this Court for mandamus relief.
“This Court granted the defendants’ mandamus petition and ordered the trial court to transfer the case from Macon County to Lee County based on the ‘interest of justice’ prong of § 6-3-21.1. In doing so, this Court noted that the accident occurred in Lee County, that the law-enforcement and emergency personnel who had responded to the accident were based out of Lee County, that the chief deputy coroner who investigated the decedent’s death did his work in Lee County, and that the records and documents of the fire department that responded to the accident were located in Lee County. Comparing this to the fact that only one of the individual defendants resided in Macon County and that the employer conducted business there, there being no other relevant facts involving Macon County, this Court held that the nexus between Lee County and the case was strong, that the nexus between Macon County and the case was weak, and that the trial court thus had exceeded its discretion in refusing to transfer the case to Lee County.”
Ex parte Autauga Heating & Cooling, 58 So.3d at 750 (discussing Ex parte Indiana Mills) (emphasis added).
In this case, as in Autauga Heating & Cooling and Indiana Mills, the injury occurred in the county to which the transfer is sought. Here, as in Autauga Heating & Cooling and Indiana Mills, no material act or omission occurred in the forum county. As in Indiana Mills, the official investigation of the incident was in the county to which the transfer was sought — here, Lee County. As in those cases, the only material connection with the forum county is a defendant’s residence. To be sure, in this case two defendants reside in the forum county, rather than one. Given the posture of this case, however, that distinction is inconsequential.
As an employee allegedly responsible for supervision of the tellers, the presence of the second Macon County defendant— Sutherland — adds nothing to the equation. The allegedly negligent supervision he provided would have occurred only in Lee County. Moreover, he was added to the action on April 8, 2010, after the January 26, 2010, motion to transfer was orally argued.
It is true that the interest of justice may not be served in granting a motion to transfer made only after the trial court has “spent substantial amounts of time on a lawsuit, and has implicitly developed an understanding of the facts and law relative to the case.” Frazier v. Commercial Credit Equip. Corp., 755 F.Supp. 163, 168 (S.D.Miss.1991). However, a change in the legal landscape that results from the trial court’s failure to rule promptly on a motion to transfer cannot be used by the plaintiff as a rationale for the eventual denial of the motion. See Frazier, 755 F.Supp. at 167 (“the juncture in the case at which the motion to transfer is presented [is] of primary relevance in determining if a transfer of the action will best promote the interests of justice” (emphasis added)).
Thus, Floyd and Unique cannot rely, as they attempt to do, on the fact that Wa-chovia’s motion to transfer was denied only after “[t]he court and parties [had] *576 expended considerable time, effort and expense in preparing this case for trial and on hearing various ... motions,” Respondents’ brief, at 28, including the summary-judgment motions, certain motions to compel discovery, and Wachovia’s motion to strike the jury demand. It appears that none of these activities predated the motion to transfer the case on the basis of the doctrine of forum non conveniens.[2] We are not informed of the amount of time and resources, if any, the trial court expended on this case before the filing of the motion to transfer the case. If considerable judicial resources have now been expended on this case, it is not the fault of Wachovia but is primarily the result of the fact that the ruling on the motion to transfer came 12 months after the motion was filed. Under these circumstances, the nexus between this action and Macon County is not “strong enough to warrant burdening” Macon County with this action.

III. Conclusion

In summary, Wachovia has met its burden of showing that transfer of this action to Lee County is justified in the interest of justice. The trial court exceeded its discretion, therefore, in denying the motion to transfer. Because Wachovia is entitled to a writ of mandamus directing the Macon Circuit Court to grant its motion, we grant the petition and issue the writ.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., dissents.

. That argument has been abandoned, and it is now undisputed that venue is not "improper” in Macon County.

. "This Court notes that the doctrine of forum non conveniens ... does not include the timeliness requirement of Rule 82(d), Ala. R. Civ. P., relating to improper venue.” Ex parte Harper, 934 So.2d 1045, 1048 n. 2 (Ala.2006). See § 6-3-21.1(b) (“The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to Section 6-3-20, Section 6-3-21 or Alabama Rules of Civil Procedure.”).