MURDOCK, Justice
(dissenting).
A transfer of the underlying action from Macon County to Lee County based upon the “convenience-of-the-parties-and-witnesses” prong of § 6-3-21.1, Ala.Code 1975, might be justified. Wachovia Bank, N.A., does not ask this Court for relief based upon that prong, however. Instead, it limits itself to a request for relief based upon the “interest-of-justice” prong of § 6-3-21.1.
I acknowledge that the tortious conduct at issue occurred in Lee County and that, in fact, as the main opinion notes, “nothing material to this case transpired in Macon County.” 77 So.3d at 574. Macon County, however, is the county in which two of the individual defendants have their permanent residences. In adopting § 6-3-2(a)(3), Ala.Code 1975, our legislature made a policy determination binding on the courts of this State that, as a general rule, it is enough to establish proper venue of an action against an individual that the county where the action is brought is the county that is the permanent residence of that individual. Rule 82(c), Ala. R. Civ. P., provides that where, as here, several claims or parties have been joined in a suit, the suit may brought in “any county in which any one of the claims could properly have been brought.” Read together, § 6-3-2(a)(3) and Rule 82(c) impose no condition on the bringing of an action against multiple defendants in a county where at least one individual defendant maintains his or her permanent residence, other than that fact.
With this Court’s recent interpretation of the “interest-of-justice” prong of § 6-3- *577 21.1, I believe we largely have negated the intended field of operation of statutory provisions such as § 6-3-2(a)(3). See also § 6 — 3—2(a)(2) (providing for actions on contracts brought against an individual to be commenced in the county where the defendant resides if he or she maintains a permanent residence in that county); § 6-3-7(a)(2) (providing that an action may be brought against a corporation in the county of the corporation’s principal office in this state). In effect, we have substituted a new presumption that an action cannot be tried in a county if the only connection between the lawsuit and the county is that the county is the permanent residence of one or more of the defendants. We now call such a connection a “weak connection” and, as a general rule, require the transfer of the tort action to the county where the “accident” occurred. See Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745 (Ala.2010):
“Besides the fact that Rogers is resident of Montgomery County, there was no other evidence before the trial court indicating a connection between the case and Montgomery County.
[[Image here]]
“... This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there.”
58 So.3d at 750 (emphasis added) (also quoting Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008), for the principle that “ ‘ “litigation should be handled in the forum where the injury occurred.”’” 58 So.3d at 748).
In interpreting and applying the “interest-of-justice” prong in this manner, we have, I believe, given that prong far greater meaning and effect than it has historically been understood by the bench and bar to have. Moreover, we have given it an effect inconsistent with the legislative determination that other statutorily prescribed locations for actions under §§ 6-3-2 and 6-3-7 are generally and presumptively appropriate. As I indicated in my special writing in Ex parte Ford Motor Co., 47 So.3d 234 (Ala.2010) (Murdock, J„ concurring in the result), there was insight and wisdom in Justice Hugh Maddox’s opinion for this Court in Ex parte First Family Financial Services, Inc., 718 So.2d 658, 661 (Ala.1998):
“In Ex parte First Family Financial Services, Inc., 718 So.2d 658, 661 (Ala.1998), Justice Maddox, writing for the Court, stated that a change of venue based on forum non conveniens is appropriate only ‘ “ ‘when trial in the chosen forum would “establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiffs convenience,” or when the “chosen forum [is] inappropriate because of considerations affecting the court’s own administrative and legal problems.” ’ ” ’ (Quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), quoting in turn Roster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).) As Justice Maddox went on to explain, a transfer based on improper venue normally should occur only where the balance of ‘the private- and public-interest factors involved ... weight ] heavily against litigation in the forum the plaintiff selected.’ 718 So.2d at 661.9
“ 9 The views expressed by Justice Maddox on behalf of the Court in First Family Financial Services are consistent with the notion that venue statutes such as § 6-3-7 reflect a legislative determination that the statutorily prescribed locations are generally and presumptively just and appropriate.”
*578 Ford Motor Co., 47 So.3d at 243 (Murdock, J., concurring in the result). See also Ex parte Autauga Heating & Cooling, LLC, 58 So.3d at 752 (Murdock, J., dissenting).
My views as expressed above are a function of what I perceive to be the plain language and effect of the various statutes at issue as given us by our legislature. I have little doubt that these statutes can and have resulted in the placement of lawsuits on occasion in counties that I would think inappropriate. Unless and until the legislature makes some policy choices different than those it has made with the enactment of those statutes, however, I must consider myself constrained by my reading of those statutes.
Finally, I would add that, in my view, the incorrectness of the result achieved here is only compounded by the fact that, in this particular case, litigation has proceeded for a substantial time in the Macon Circuit Court. Although the statement by the federal district court judge in Frazier v. Commercial Credit Equipment Corp., 755 F.Supp. 163, 168 (S.D.Miss.1991), that “the juncture in the case at which the motion to transfer is presented [is] of primary relevance in determining if a transfer of the action will best promote the interests of justice” may or may not correctly reflect Alabama law, my view of this case makes it unnecessary to consider this issue. Moreover, I see no need to go further and suggest, as does the main opinion, that a “change in the legal landscape that results from the trial court’s failure to rule promptly on a motion to transfer,” 77 So.3d at 575, may never be a factor that supports the eventual denial of the motion.