REL: 12/05/2014

Notice: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2014-2015

_____

1131152

_____

**Ex parte Linda Faye Manning**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  Shannon Richardson**

**v.**

**Linda Faye Manning)**

**(Macon Circuit Court, CV-14-900034)**

WISE, Justice.

Linda Faye Manning, the defendant below, filed a petition for a writ of mandamus requesting that this Court direct the

Macon Circuit Court to vacate its order denying her motion to transfer this action to the Montgomery Circuit Court and to enter an order granting the motion. We grant the petition and issue the writ.

<u>Facts and Procedural History</u>

On February 28, 2014, Shannon Richardson filed a complaint in the Macon Circuit Court against Manning, stating claims of negligence and wantonness as a result of a motor-vehicle accident that occurred in Montgomery County on October 3, 2012. Richardson sustained injuries and was taken by ambulance to Baptist South Hospital in Montgomery after the accident. Law-enforcement personnel who responded to the accident worked in Montgomery County. At all material times, Richardson was a resident of Montgomery County, and Manning was a resident of Macon County.

On March 25, 2014, Manning filed a motion to transfer the action to Montgomery County based on the doctrine of <u>forum non conveniens</u>, as codified in § 6-3-21.1, Ala. Code 1975. On April 1, 2014, Richardson filed a response in opposition to the motion to transfer. On June 4, 2014, the trial court denied the motion to transfer. This petition followed.

1131152

"A petition for a writ of mandamus is the appropriate 'method for obtaining review of a denial of a motion for a change of venue' pursuant to § 6-3-21.1. Ex parte National Sec. Ins. Co., 727 So. 2d 788, 789 (Ala. 1998). ...

"'....'

"'A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified "in the interest of justice."' Ex parte Indiana Mills & Mfg., Inc., 10 So. 3d 536, 539 (Ala. 2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id., where 'the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala. Code 1975, compels the trial court to transfer the action to the alternative forum.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So. 2d 906, 912 (Ala. 2008) (emphasis added)."

Ex parte Wachovia Bank, N.A., 77 So. 3d 570, 573 (Ala. 2011).

## Discussion

Manning argues that the trial court exceeded its discretion in denying her motion to transfer the action from Macon County to Montgomery County. Specifically, she contends that Montgomery County has a strong connection to the case because all the material events that gave rise to Richardson's

3

claims occurred there. In contrast, Manning asserts that Macon County has, at best, only a tenuous connection to the case -- namely, the fact that she resides there. After noting that the court deciding the transfer issue must consider "the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county," Ex parte Smiths Water & Sewer Auth., 982 So. 2d 484, 490 (Ala. 2007), Manning asserts that the interest-of-justice prong of Alabama's forum non conveniens statute mandates a transfer to Montgomery County.

Section 6-3-21.1, Ala. Code 1975, provides, in pertinent part:

> "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."

(Emphasis added.)

> "Historically, the plaintiff has had the initial choice of venue under the system established by the legislature for determining venue. Before the

enactment of § 6-3-21.1 by the Alabama Legislature in 1987, a plaintiff's choice of venue could not be disturbed on the basis of convenience to the parties or the witnesses or in the interest of justice. With the adoption of § 6-3-21.1, trial courts now have 'the power and the duty to transfer a cause when "the interest of justice" requires a transfer.' Ex parte First Family Fin. Servs., Inc., 718 So. 2d 658, 660 (Ala. 1998) (emphasis added). In First Family, this Court noted that an argument that trial judges have almost unlimited discretion in determining whether a case should be transferred under § 6-3-21.1 'must be considered in light of the fact that the Legislature used the word "shall" instead of the word "may" in § 6-3-21.1.' 718 So. 2d at 660. This Court has further held that 'Alabama's forum non conveniens statute is compulsory.' Ex parte Sawyer, 892 So. 2d 898, 905 n.9 (Ala. 2004)."

Ex parte Autauga Heating & Cooling, LLC, 58 So. 3d 745, 748-49 (Ala. 2010).

"The 'interest of justice' prong of § 6-3-21.1 requires 'the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.' Ex parte National Sec. Ins. Co., 727 So. 2d [788,] 790 [(Ala. 1998)]. Therefore, 'in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the "nexus" or "connection" between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So. 2d 906, 911 (Ala. 2008). Additionally, this Court has held that 'litigation should be handled in the forum where the injury occurred.' Ex parte Fuller, 955 So. 2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider 'the burden of piling court services and

5

1131152

> resources upon the people of a county that is not
> affected by the case and ... the interest of the
> people of a county to have a case that arises in
> their county tried close to public view in their
> county.'  Ex parte Smiths Water & Sewer Auth., 982
> So. 2d 484, 490 (Ala. 2007)."

Ex parte Indiana Mills & Mfg., Inc., 10 So. 3d 536, 540 (Ala.

2008).

The parties do not dispute that the complaint was filed
in an appropriate venue, namely, Macon County.  Likewise, they
do not dispute that the action could properly have been filed
in Montgomery County.[1]  However, they do dispute whether the
interest-of-justice prong of § 6-3-21.1 requires a transfer of
this case from Macon County to Montgomery County.

---

[1]With regard to venue of actions against individuals, §
6-3-2, Ala. Code 1975, provides, in pertinent part:

> "(a) In proceedings of a legal nature against
> individuals:
>
> "....
>
> "(3) All other personal actions [i.e.,
> those not identified in subparagraphs (1)
> and (2)] if the defendant or one of the
> defendants has within the state a permanent
> residence, may be commenced in the county
> of such residence or in the county in which
> the act or omission complained of may have
> been done or may have occurred."

6

1131152

As Manning points out in her reply brief, this Court recently addressed a factually similar case and similar arguments in Ex parte Morton, [Ms. 1130302, August 29, 2014] ___ So. 3d ___ (Ala. 2014). In Ex parte Morton, Watkins, a resident of Jefferson County, filed a complaint in the Greene Circuit Court against Morton, a resident of Greene County, asserting claims that arose out of an automobile accident that had occurred in Jefferson County. After the accident, Watkins was treated at a hospital in Jefferson County and later received medical treatment at four health-care facilities located in Jefferson County. Morton filed a motion to transfer the case to Jefferson County based on the doctrine of forum non conveniens; the trial court denied that motion, and Morton petitioned this Court for a writ of mandamus.

This Court granted Morton's petition and issued the writ, reasoning, in relevant part:

> "In reviewing this case under the interest-of-justice prong of § 6-3-21.1(a), we must 'determine whether "the interest of justice" overrides the deference due the plaintiff's choice of forum' in the present case. [Ex parte] J & W Enters., [LLC, [Ms. 1121423, March 28, 2014]] ___ So. 3d [___,] ___ [(Ala. 2014)]. We hold that it does.

7

"In Ex parte Wachovia [Bank, N.A., 77 So. 2d 570 (Ala. 2011)], this Court thoroughly discussed the application of the interest-of-justice prong of § 6-3-21.1(a) in several cases involving facts similar to those presented in this case:

"'In its petition for the writ of mandamus, Wachovia relies solely on the interest-of-justice prong as a ground for transfer.

"'"'[I]n analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the "nexus" or "connection" between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So. 2d [906,] 911 [(Ala. 2008)].... Further, in examining whether it is in the interest of justice to transfer a case, we consider 'the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.' Ex parte Smiths Water & Sewer Auth., 982 So. 2d 484, 490 (Ala. 2007)."

"'Ex parte Indiana Mills [& Mfg., Inc.], 10 So. 3d [536] at 540 [(Ala. 2008)]. Thus, the dispositive question is whether the nexus between this action and Macon County is "strong enough to warrant burdening"

8

Macon County with this action. For the following reasons, we hold that it is not.

"'Lee County is the situs of all the alleged acts or omissions giving rise to the plaintiffs' claims. Any allegedly unauthorized withdrawals were made from a Wachovia branch in Lee County. Police investigation of the matter was conducted in Lee County. Lee County is Floyd's place of residence, as well as the location of Unique [Image Pro Car Care, Floyd's business]. Thus, Lee County is the place where all the injury alleged in the complaint occurred. Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis. See Ex parte Autauga Heating & Cooling, LLC, 58 So. 3d 745, 748 (Ala. 2010) ("'[T]his Court has held that "litigation should be handled in the forum where the injury occurred."'" (quoting Ex parte Indiana Mills, 10 So. 3d at 540)); Ex parte McKenzie Oil, Inc., 13 So. 3d 346, 349 (Ala. 2008) (same).

"'In short, nothing material to this case transpired in Macon County. Macon County's sole material contact with this case is that the two individual defendants ... reside there. Recent cases decided under the interest-of-justice prong are dispositive.

"'In Ex parte Autauga Heating & Cooling, LLC, for example, this Court issued a writ of mandamus directing the Montgomery Circuit Court -- in the interest of justice -- to transfer the action to Elmore County. 58 So. 3d at 747. That case arose out of an automobile accident

9

involving Lori Lee Wright, a resident of Elmore County, and Richard Alexander Rogers, a resident of Montgomery County. The vehicle being operated by Rogers at the time of the accident was owned by Autauga Heating & Cooling, LLC ("Autauga"), which had its principal place of business in Autauga County. The accident occurred in Elmore County, and Wright received treatment at the scene of the accident from emergency medical personnel who lived in Elmore County. 58 So. 3d at 749. When an action was brought against Rogers in the county of his residence, Rogers sought the removal of the action to Elmore County, the situs of the alleged acts or omissions and the place of the injury.

"'This Court concluded that a transfer of the case was required. In so doing, we said:

"'"Although we agree with Wright that the case has a connection with Montgomery County because Rogers is a resident of Montgomery County and [Autauga] may have some business connections there, ... the overall connection between Montgomery County and this case is weak and ... the connection between the case and Elmore County is strong.

"'"... Besides the fact that Rogers is a resident of Montgomery County, there was no other evidence before the trial court indicating a connection between the case and Montgomery County.

"'"....

"'"The accident underlying this action occurred in Elmore County, and the emergency personnel who responded to the accident were from Elmore County. The plaintiff herself is a resident of Elmore County. This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there."

"'58 So. 3d at 750 (emphasis added).

"'In so holding, this Court relied on and discussed Ex parte Indiana Mills & Manufacturing, Inc.:

"'"This Court addressed similar facts in Ex parte Indiana Mills & Manufacturing, Inc., supra. In Indiana Mills, the decedent was driving a garbage truck in Lee County owned by his employer when the raised rear door of the truck struck an overhead railroad trestle, causing the truck to crash. The decedent was killed when he was ejected from the truck. His widow filed a complaint in Macon County against the manufacturers of the garbage truck and the seat belts in the truck and three employees of the decedent's employer. The

11

employer's principal place of business was in Tallapoosa County. The employer conducted business in Macon County, and one of the individual defendants lived in Macon County. The defendants moved the trial court to transfer the case to Lee County based on the doctrine of forum non conveniens. The trial court denied that motion, and the defendants petitioned this Court for mandamus relief.

"'"This Court granted the defendants' mandamus petition and ordered the trial court to transfer the case from Macon County to Lee County based on the 'interest of justice' prong of § 6-3-21.1. In doing so, this Court noted that the accident occurred in Lee County, that the law-enforcement and emergency personnel who had responded to the accident were based out of Lee County, that the chief deputy coroner who investigated the decedent's death did his work in Lee County, and that the records and documents of the fire department that responded to the accident were located in Lee County. Comparing this to the fact that only one of the individual defendants resided in Macon County and that the employer conducted business there, there being no other relevant facts involving Macon County, this Court held that the nexus between Lee County and the

12

case was strong, that the nexus between Macon County and the case was weak, and that the trial court thus had exceeded its discretion in refusing to transfer the case to Lee County."

"'_Ex parte Autauga Heating & Cooling_, 58 So. 3d at 750 (discussing _Ex parte Indiana Mills_) (emphasis added).

"'In this case, as in _Autauga Heating & Cooling_ and _Indiana Mills_, the injury occurred in the county to which the transfer is sought. Here, as in _Autauga Heating & Cooling_ and _Indiana Mills_, no material act or omission occurred in the forum county. As in _Indiana Mills_, the official investigation of the incident was in the county to which the transfer was sought -- here, Lee County.'

"77 So. 3d at 573-75.

"As in _Wachovia_, _Ex parte Autauga Heating & Cooling, LLC_, 58 So. 3d 745 (Ala. 2010), and _Ex parte Indiana Mills & Manufacturing, Inc._, 10 So. 3d 536 (Ala. 2008), Watkins's injury occurred in the county to which transfer is sought -- Jefferson County; Watkins is also a resident of Jefferson County and received treatment in four separate medical facilities located in Jefferson County. Additionally, as in _Wachovia_ and _Indiana Mills_, the official investigation of the incident was conducted in the county to which the transfer is sought. Furthermore, as in _Wachovia_, _Autauga Heating & Cooling_, and _Indiana Mills_, no material act or omission occurred in Greene County.

"Watkins argues that _Wachovia_, _Autauga Heating & Cooling_, and _Indiana Mills_ are distinguishable because each of those cases involved multiple

13

defendants residing in both the forum and transferee counties.  Although the number and residency of the defendants may affect an interest-of-justice analysis under § 6-3-21.1(a), the fact that the above cases involved multiple defendants does not render them inapposite to the present case involving only one defendant. Considering the similarities between the above cases and the present one, that factual distinction in this case -- that Morton is the sole defendant -- is de minimis. See, e.g., Wachovia, 77 So. 3d at 575 ('As in [Autauga Heating & Cooling and Indiana Mills], the only material connection with the forum county is a defendant's residence. To be sure, in this case two defendants reside in the forum county, rather than one. Given the posture of this case, however, that distinction is inconsequential.').

"For the reasons explained above, Jefferson County has a significantly stronger connection to this case than does Greene County, which is connected to this case only by the fact that Morton resides there -- a connection this Court has characterized as 'weak.'  See Autauga Heating & Cooling, 58 So. 3d at 750 ('This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there.'); Indiana Mills, 10 So. 3d at 542 ('We see no need for Macon County, with its weak connection with this case, to be burdened with an action that arose in Lee County simply because one of several defendants resides there.  Instead, Lee County clearly has a strong connection with this case. See Ex parte Verbena United Methodist Church, 953 So. 2d 395, 400 (Ala. 2006) (holding that the "weak nexus" with the county in which an action was filed did not "justify burdening" that county with the trial of that action; thus, the doctrine of forum non conveniens required the case be transferred to a county that

14

had "a much stronger nexus").'). Accordingly, the interest of justice overrides Watkins's choice of forum. Therefore, Morton has a clear legal right to the relief she seeks."

Ex parte Morton, ___ So. 3d at ___ (footnote omitted).

Based on the reasoning in Ex parte Morton and the cases cited therein, Manning has established that Montgomery County has a stronger connection to the claims in this case than has Macon County. The accident occurred in Montgomery County; law-enforcement personnel who responded to the accident worked in Montgomery County; Richardson was taken to a hospital in Montgomery County after the accident; and Richardson was a resident of Montgomery County.[2] In contrast, Macon County's only connection to the case was the fact that Manning is a resident of Macon County. Because Macon County has only a very weak overall connection to the claims and Montgomery County has a much stronger connection to the claims, the

___

[2]In her petition, Manning cites additional "facts" that allegedly support a transfer to Montgomery County. However, because those "facts" were "contained in 'statements of counsel in motions, briefs, and arguments,' [they] cannot be considered 'evidentiary material' and thus will not be considered by this Court." Autauga Heating & Cooling, 58 So. 3d at 749-50.

15

1131152

interest-of-justice prong of the <u>forum non conveniens</u> statute requires that the action be transferred to Montgomery County.

<u>Conclusion</u>

For the above-stated reasons, we conclude that the trial court exceeded its discretion in denying Manning's motion for a change of venue based on the interest-of-justice prong of the <u>forum non conveniens</u> statute. Accordingly, we grant Manning's petition for the writ of mandamus and direct the trial court, in the interest of justice, to enter an order transferring the case from the Macon Circuit Court to the Montgomery Circuit Court.

PETITION GRANTED; WRIT ISSUED.

Stuart, Bolin, Parker, Shaw, Main, and Bryan, JJ., concur.

Moore, C.J., and Murdock, J., dissent.

16