SHAW, Justice.
Stephen Hrobowski, one of two named defendants in a civil action pending in the Lowndes Circuit Court,[1] petitions this Court for a writ of mandamus directing the trial court to vacate its August 30, 2017, order denying Hrobowski's motion for a change of venue and to enter an order transferring this action to the Montgomery Circuit Court on the basis of the doctrine of forum non conveniens. We grant the petition and issue the writ.
Facts and Procedural History
On May 6, 2015, Hrobowski was involved in a motor-vehicle accident on Interstate 85 in Montgomery during which his vehicle collided with a vehicle being operated by Kevin Ledyard. As a result of the impact, Ledyard's vehicle struck a vehicle being operated by Roosevelt McCorvey. It appears from the materials before us that *332 McCorvey and Ledyard were Montgomery residents. At the time of the accident, Hrobowski's driver's license indicated that he was a resident of Lowndes County.[2]
In April 2017, McCorvey sued Hrobowski, Ledyard, and various fictitiously named defendants in the Lowndes Circuit Court, alleging claims of "negligence or wantonness" and "negligence per se" stemming from the accident.[3] Hrobowski filed a motion for a change of venue, seeking, pursuant to the forum non conveniens statute, see § 6-3-21.1(a), Ala. Code 1975, to transfer the case to Montgomery County. Hrobowski's motion, which relied on both McCorvey's complaint and an Alabama Uniform Traffic Crash Report ("the accident report"), contended that the only connection of the case to Lowndes County was his alleged residence. According to Hrobowski, Montgomery-based emergency personnel responded to the scene of the accident and the accident report was prepared by an officer employed by the Montgomery Police Department. Hrobowski's motion included authority suggesting that Alabama law and the "interest of justice" favor, in litigation arising from a motor-vehicle accident, transfer from a venue that, although technically proper,[4] has only a weak connection to the accident to the venue where the accident actually occurred.
McCorvey opposed Hrobowski's motion on the ground that Hrobowski had allegedly failed to demonstrate that Montgomery County was either significantly more convenient or that the interest of justice would, as Hrobowski argued, be served by the transfer. According to McCorvey, the factors cited by Hrobowski as evidencing a stronger connection to Montgomery County, which were allegedly supported only by the accident report, "[did] not outweigh [his] choice of a forum."[5] On August 30, 2017, the trial court, without stating the findings on which its decision was based, denied Hrobowski's motion for a change of venue.
Thereafter, Hrobowski requested that the trial court "reconsider" its order denying the transfer. In his motion, Hrobowski renewed his reliance on caselaw that, he argued, favored a transfer of the case to the venue where the accident actually occurred. Hrobowski further maintained that, although his initial motion seeking a change of venue had identified him, as did McCorvey's complaint, as a resident of Lowndes County, he was, as demonstrated by accompanying affidavit testimony, instead a resident of Madison County. See note 2, supra. Thus, according *333 to Hrobowski, Lowndes County no longer had even the weak connection to the case, which his initial motion conceded, but, instead, "has no connection to the accident." McCorvey again opposed Hrobowski's motion, arguing that Hrobowski had been successfully served in accordance with the Alabama Rules of Civil Procedure at the Lowndes County address listed on his driver's license and on the accident report.[6]
Hrobowski filed the instant mandamus petition on October 6, 2017.[7] We ordered answers and briefs.
Standard of Review
" 'The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995).'
" Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998)."
Ex parte Benton, 226 So.3d 147, 149-50 (Ala. 2016).
Discussion
Hrobowski contends that the underlying action should be transferred to Montgomery County under the interest-of-justice prong of § 6-3-21.1. That Code section states, in pertinent part:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
(Emphasis added.) Hrobowski argues that the Lowndes Circuit Court exceeded its discretion in denying his request to transfer the case to Montgomery County because, he says, Alabama's forum non conveniens statute both is compulsory and creates a preference for transfer to the forum where the underlying injury actually occurred over a forum with only a weak *334 connection to the case. McCorvey argues, on the other hand, that Hrobowski has failed to carry his evidentiary burden of demonstrating that Montgomery County has a stronger connection to the present action. He further contends that accident location alone is not determinative of venue. Under the present facts, however, we disagree.
"This Court explained the application of § 6-3-21.1(a) in Ex parte Tier 1 Trucking, LLC, 222 So.3d 1107, 1112-13 (Ala. 2016) :
" '[C]oncerning whether an action should be transferred under § 6-3-21.1, this Court has stated:
" ' " 'A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified "in the interest of justice." ' Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala. 2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id., where 'the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala. Code 1975, compels the trial court to transfer the action to the alternative forum.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 912 (Ala. 2008) (emphasis added)."
" ' Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573 (Ala. 2011).
" '....
" ' " 'The "interest of justice" prong of § 6-3-21.1 requires "the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action." Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala. 1998) ]. Therefore, "in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the 'nexus' or 'connection' between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action." Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 911 (Ala. 2008). Additionally, this Court has held that "litigation should be handled in the forum where the injury occurred." Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider "the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county." Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala. 2007).' "
" ' Ex parte Quality Carriers, Inc., 183 So.3d 937, 942 (Ala. 2015) (quoting Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala. 2008) ).
" ' "Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis. See Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748 (Ala. 2010) (' "[T]his Court has held that 'litigation should be handled in the forum where the injury occurred.' " ' (quoting *335 Ex parte Indiana Mills, 10 So.3d at 540 ) ); Ex parte McKenzie Oil, Inc., 13 So.3d 346, 349 (Ala. 2008) (same)."
" ' Ex parte Wachovia, 77 So.3d at 573-74.' "
Ex parte Midsouth Paving, Inc., 250 So.3d 527, 530-32 (Ala. 2017).
" 'Historically, the plaintiff has had the initial choice of venue under the system established by the legislature for determining venue. Before the enactment of § 6-3-21.1 by the Alabama Legislature in 1987, a plaintiff's choice of venue could not be disturbed on the basis of convenience to the parties or the witnesses or in the interest of justice. With the adoption of § 6-3-21.1, trial courts now have "the power and the duty to transfer a cause when 'the interest of justice' requires a transfer." Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 660 (Ala. 1998) (emphasis added). In First Family, this Court noted that an argument that trial judges have almost unlimited discretion in determining whether a case should be transferred under § 6-3-21.1"must be considered in light of the fact that the Legislature used the word 'shall' instead of the word 'may' in § 6-3-21.1." 718 So.2d at 660. This Court has further held that "Alabama's forum non conveniens statute is compulsory." Ex parte Sawyer, 892 So.2d 898, 905 n. 9 (Ala. 2004).' "
Ex parte Manning, 170 So.3d 638, 640 (Ala. 2014) (quoting Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748-49 (Ala. 2010) ).
Applying the above-cited authority, on which Hrobowski's petition relies, we conclude that Hrobowski has established that the interest-of-justice prong of § 6-3-21.1 compels transfer of the action to Montgomery County. It is undisputed that the accident that is the subject of the action occurred in Montgomery County, that the accident was investigated by law-enforcement personnel based in Montgomery County, and that both the plaintiff and the other named defendant resided there at all pertinent times. Even assuming, as McCorvey appears to argue, that there may be some question as to whether Hrobowski remains domiciled in Lowndes County, the fact that a defendant resides in a particular forum does not, for purposes of the interest-of-justice prong of § 6-3-21.1, outweigh the forum where the tortious conduct occurred. See Autauga Heating & Cooling, 58 So.3d at 750 ("This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County ...."); Indiana Mills, 10 So.3d at 542 ("We see no need for Macon County, with its weak connection with this case, to be burdened with an action that arose in Lee County simply because one of several defendants resides there."). The undisputed connections with Montgomery County-that the accident occurred there and that McCorvey, the plaintiff, resides there-indicate that Montgomery County, for the purpose of the interest of justice under § 6-3-21.1, has a significantly stronger connection to this case than does Lowndes County. Accordingly, the interest of justice overrides McCorvey's initial selection of the forum.
Conclusion
Based on the foregoing, we hold that the trial court exceeded its discretion in denying Hrobowski's motion for a change of venue based on the interest-of-justice prong of the forum non conveniens statute. We therefore grant Hrobowski's petition and issue a writ of mandamus directing the *336 Lowndes Circuit Court to vacate its August 30, 2017, order denying Hrobowski's motion and to enter an order transferring the underlying action to Montgomery County.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Main, Wise, Bryan, Sellers, and Mendheim, JJ., concur.

The other defendant, Kevin Ledyard, was, at the time the litigation was initiated, apparently deceased. On motion of Roosevelt McCorvey, an administrator ad litem was appointed to represent Ledyard's interests in the underlying action; the limited materials before this Court suggest that the administrator ad litem is an attorney whose principal place of business is Hayneville in Lowndes County.

Hrobowski was 20 years' old at the time of the accident. Apparently, the Lowndes County address on his driver's license was his mother's residence; however, Hrobowski was, on the accident date, enrolled as a student at George Wallace Junior College in Selma, which is in Dallas County. In or around May 2015-after the accident but before any litigation was initiated-Hrobowski moved to Huntsville in Madison County to continue his studies at the University of Alabama at Huntsville, where he is currently enrolled.

At all times pertinent hereto, McCorvey had not yet substituted any named defendants for the fictitiously named defendants included in his complaint.

See § 6-3-2(a)(3), Ala. Code 1975 (explaining that all actions, "[i]n proceedings of a legal nature against individuals [other than actions for the recovery of land and on contract,] if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred").

McCorvey included, as support for his opposition, his own affidavit testimony attesting that trial in Lowndes County would not inconvenience any anticipated witnesses.

This Court has not considered the arguments or evidence made part of Hrobowski's motion to reconsider, because they were not considered by the trial court in its denial of the motion for a change of venue. See Ex parte Fontaine Trailer Co., 854 So.2d 71, 74 (Ala. 2003) ("In considering a mandamus petition relating to a ruling on a motion for a change of venue, '[o]ur review is ... limited to those facts that were before the trial court.' " (quoting Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998) ) ).

Hrobowski's petition was timely filed within 42 days of the trial court's August 30, 2017, order denying his original motion to transfer. See Rule 21(a)(3), Ala. R. App. P. See also Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala. 2003) ("[T]he tolling effect of Rule 59[, Ala. R. Civ. P.,] is not involved with respect to motions to 'reconsider' interlocutory orders.").