PITTMAN, Judge.
Alfa Mutual Insurance Company (“the insurer”) petitions[1] for a writ of mandamus directed to the Macon Circuit Court directing that court to transfer, pursuant to the authority conferred in Ala.Code 1975, § 6-3-21.1, a civil action filed by Willie L. Kirk, Jr. (“the insured”), from that court to the Lee Circuit Court. We grant the petition.
The attachments to the insurer’s petition and the insured’s response indicate the following pertinent facts. The insured filed a single-count complaint in the Macon Circuit Court naming the insurer and various fictitiously named persons as defendants; in that complaint, the insured alleged that he, a Macon County resident, had been injured while operating a automobile involved in a collision allegedly caused by the negligence or wantonness of Melissa Nelson, a purportedly uninsured[2] operator of another automobile, and that he had been, at the pertinent time, covered by a policy of insurance issued by the insurer.
The insurer moved for a transfer of the cause to the Lee Circuit Court, asserting that such a transfer was warranted under both the “convenience of parties and witnesses” and the “interest of justice” prongs of § 6-3-21.1. The insurer noted that the collision giving rise to the insured’s claim had occurred in Lee County, that Nelson lived in Lee County, that the two investigating police officers were employed by the City of Auburn (a Lee County municipality), that the employees of an emergency-medical-response company who had treated the insured at the collision site had then transported the insured to a hospital that was located in Opelika (another Lee County municipality), that the insured had received follow-up treatment from a number of medical providers based in Lee County, that the insurer’s claims adjuster with knowledge pertinent to the action resided and worked in Lee County, and that the insurer had filed a third-party action against Nelson in Lee County. The insurer’s motion, as ultimately supplemented, was supported by affidavits of the insurer’s claims adjuster, the two Auburn police officers, and a representative of the emergency-medical-response company in which each indicated that the Lee Circuit Court would be a “substantially more convenient” forum for them should trial testimony be required from them.
In reply to the insurer’s motion, the insured filed a response in which he asserted that the gravamen of his claim was the insurer’s alleged breach of the parties’ insurance contract. The insured supported his response with his own affidavit, in which he asserted that he was receiving medical treatment from three doctors in
*730 Jefferson County[3] who would deem it more convenient to travel to Macon County than to Lee County and that he would have to travel approximately eight additional miles to reach the Lee County courthouse than he would have to travel to reach the Macon County courthouse.[4] The Macon Circuit Court denied the insurer’s motion to transfer, prompting the timely filing of the mandamus petition at issue.
We start with a consideration of the statutory basis for the insurer’s motion. In pertinent part, Ala.Code 1975, § 6-3-21.1(a), provides that,
“[w]ith respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed.”
That statute, which authorizes only a transfer between appropriate venues, see, e.g., Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 14 (Ala. 2007), applies to the underlying civil action because Alabama law authorizes civil actions against corporations to be brought either in “the county in which a substantial part of the events or omissions giving rise to the claim occurred” (Ala.Code 1975, § 6—3—7(a)(1)) or “the county in which the plaintiff resided ... at the time of the accrual of the cause of action[] if [the defendant] corporation does business by agent in the county of the plaintiffs residence” (Ala.Code 1975, § 6-3-7(a)(3)). In this case, substantially all the pertinent events occurring after the formation of the parties’ insurance contract that can be said to constitute the factual basis of the insured’s claimed right to recover benefits under the uninsured-motorist coverage provisions of that contract occurred in Lee County. See Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111, 1115 (Ala. 2004) (uninsured-motorist-insurance claimants had the legal burden to demonstrate fault on the part of the uninsured motorist and the extent of damage stemming therefrom before the claimants could recover from their insurer under the pertinent policy; therefore, the act or omission underlying their claim occurred, and the claim arose, at the place of the automobile collision made the basis of the claimants’ civil action against their insurer). In contrast, the insured was a resident of Macon County at the time his cause of action against the insurer accrued, and it is not disputed by the insurer that it does business by agent in Macon County.
It remains to be considered, however, whether “the convenience of parties and witnesses” or “the interest of justice” mandates that the insured’s action be transferred to Lee County. The parties devote much of their appellate-court arguments to the “interest of justice” issue, warranting our consideration of that issue before addressing the insurer’s alternative “convenience of the parties and witnesses” ground for its motion.
The insurer correctly notes in its petition that the “interest of justice” prong of § 6-3-21.1 requires “the transfer of [an] action from a county with little, if any, *731 connection to the action, to the county with a strong connection to the action,” Ex parte National Sec. Ins. Co., 727 So.2d 788, 790 (Ala.1998), an inquiry that necessarily “focuses on whether the ‘nexus’ or ‘connection’ between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.” Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). We further note that, “[a]l-though it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis.” Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573-74 (Ala.2011).
The materials submitted by the insurer in support of its petition indicate a strong connection between the insured’s claim and Lee County. The collision that forms the factual basis of the insured’s claim occurred in Lee County, and the initial medical providers and responders who ministered to the insured did so in Lee County. Further, Nelson, the motorist alleged to have been at fault in that collision, resides in Lee County, and there is currently a parallel action pending in Lee County involving the insurer’s claim for reimbursement against Nelson that will likely necessitate testimony from the same witnesses for resolution; thus, in the words of Tennessee Bank, the courts of Lee County can be said to already have been “burden[ed]” by litigation concerning the collision.[5] Indeed, we indicated in our decision in Ex parte Siemag, Inc., 53 So.3d 974 (Ala.Civ.App.2010), that in the few instances in which “an appellate court had concluded that the retention of a case in the county of a plaintiffs residence was outside the discretion of the trial court” so as to warrant a conclusion that a plaintiffs choice of a forum should be overruled under the interest-of-justice prong of § 6-3-21.1, similar parallel litigation in the would-be transferee forums had militated in favor of transfer. 53 So.3d at 980 (citing Ex parte New England Mut. Life Ins. Co., 663 So.2d 952 (Ala.1995), and Ex parte Kane, 989 So.2d 509 (Ala.2008)).
The insured’s filings in the Macon Circuit Court do not touch and concern the interest-of-justice prong of § 6-3-21.1 so much as they do the convenience-of-parties-and-witnesses prong. Regardless of whether any or all of the insured’s current treating physicians are located in Jefferson County or in Lee County, their sole nexus with the insured’s action is their treatment of the insured, which has not occurred in Macon County. Although the insurer does business by agent in Macon County and delivered the pertinent insurance policy to the insured in Macon County, the claim asserted by the insured is, as Ex parte State Farm indicates, one that is actually in the nature of a hypothecated tort claim against Nelson as to which the insurer is ostensibly responsible to pay. That hy-pothecated tort claim, like the insurer’s parallel claim against Nelson that actually sounds in tort, is rooted in events that occurred in Lee County and is comparatively less intimately connected to Macon County and, thus, fails to warrant burden *732 ing Macon County’s court services and resources. See Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 and n. 2 (Ala.2008) (in which our supreme court granted a petition seeking a transfer of a tort action from Macon County to Lee County when only one individual defendant out of five total defendants resided in Macon County and a second defendant did business there; in contrast, the automobile crash made the basis of the claim had occurred in Lee County and had been investigated by Lee County authorities).[6]
Based upon the foregoing facts and authorities, we conclude that the Macon Circuit Court acted outside its discretion in denying the insurer’s motion to transfer the insured’s action from Macon County to Lee County to the extent that that court concluded that the interest of justice did not require the requested transfer. Our conclusion obviates the necessity of considering the alternative “convenience of parties and witnesses” ground asserted by the insurer in its motion and its petition for mandamus relief. The Macon Circuit Court is directed to vacate its order denying the insurer’s motion and to transfer the action to the Lee Circuit Court.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The petition was initially filed in our supreme court, but it was ordered transferred to this court as being within this court's jurisdiction (presumably because of the amount in controversy). See generally Ala.Code 1975, §§ 12-3-11 (setting forth jurisdiction of appellate courts to entertain petitions for extraordinary writs in cases within the appellate jurisdiction of those courts) & 12-3-16 (stating rules of decision for intermediate appellate courts).

. Although the insured entitled his count "Un-derinsured Motorist Coverage," we note that, under Alabama law, the term “uninsured motor vehicle” includes underinsured motor vehicles. See Ala.Code 1975, § 32-7-23(b)(4).

. The insurer notes a conflict in the evidence concerning whether one of the providers actually practices in Jefferson County or Lee County.

. Unlike in Ex parte Siemag, Inc., 53 So.3d 974, 981 (Ala.Civ.App.2010), there is neither lay nor expert evidence tending to show that, as to the plaintiff (here, the insured), " 'it would be far more ... medically appropriate ... to attend court ... much closer to his residence' ” or that " 'it would be in his medical best interest to minimize travel and attend court as close to his residence as possible.' ”

. Unlike the insured, we perceive no “admission" on the part of the insurer that Nelson acted wrongfully because there is no improper inconsistency between the insurer's assertion in its complaint filed in its action against Nelson that Nelson did act wrongfully and the insurer’s potentially asserting, in any future pleadings it may file in the insured’s action after the question of venue is settled, that Nelson did not act wrongfully. Cf. State Farm Mut. Auto. Ins. Co. v. Bennett, 974 So.2d 959, 962 (Ala.2007) (agreeing with view that, in a direct action against an insurer for uninsured-motorist benefits, that insurer could assert against its insured any substantive defense that would have been available to the uninsured tortfeasor in an action by that insured against the tortfeasor).

. We note, but reject, the insured’s insistence that this court consider and adopt the reasoning espoused in two dissenting opinions issued by current and former Justices of our supreme court that, he says, favor sustaining the Macon Circuit Court’s retention of the case. Quality Cas. Ins. Co. v. Ruben, 962 So.2d 234, 239-40 (Ala.Civ.App.) (noting that ”[w]hether this court agrees with the rationale of [a majority opinion of the supreme court] or with the sentiments expressed in [a dissenting opinion] is not determinative" because ”[t]his court is bound by the precedents established by the Supreme Court of Alabama” and citing § 12-3-16, Ala.Code 1975), rev'd on other grounds, 962 So.2d 242 (Ala.2006).