WISE, Justice.
Alfa Mutual Insurance Company, the defendant below, filed a petition for a writ of mandamus requesting that this Court direct the Pickens Circuit Court to vacate its order denying a motion to transfer the underlying action to the Tuscaloosa Circuit Court and to enter an order granting the motion. We grant the petition and issue the writ.
Facts and Procedural History
On February 20, 2016, Richard Holley, who resided in Pickens County, was involved in a motor-vehicle accident in Tuscaloosa County. The other vehicle was driven by David Craig Evans, who was uninsured. Emergency-medical-services personnel from NorthStar EMS in Tuscaloosa treated Holley at the scene and then transported him to DCH Regional Medical Center in Tuscaloosa. Law-enforcement personnel who were based in Tuscaloosa County also responded to the accident.
*543 After the accident, Holley received follow-up treatment from three medical providers in Tuscaloosa and one medical provider in Mississippi.
Chris Evans, an agent for Alfa who had an office in Pickens County, had issued a personal automobile-insurance policy to Harry Michael Tilley, a resident of Pickens County. Shortly before the accident, Holley was added as an insured on Tilley's policy. The policy included uninsured-motorist coverage for Holley.
On July 18, 2016, Holley's attorney wrote Alfa a letter requesting $75,000 in uninsured-motorist benefits as compensation for injuries Holley suffered as a result of the accident. On August 2, 2016, Alfa sent a letter to Holley's attorney, refusing to pay the requested uninsured-motorist benefits and offering to settle Holley's claim for $10,000. Shortly thereafter, on August 11, 2016, Holley filed a complaint in the Pickens Circuit Court against Alfa, stating uninsured-motorist, breach-of-contract, and bad-faith claims based on Alfa's refusal to pay the requested uninsured-motorist benefits.
On December 28, 2016, Alfa filed a motion to transfer the action to Tuscaloosa County based on the doctrine of forum non conveniens, as codified in § 6-3-21.1, Ala. Code 1975. On February 15, 2017, Holley filed a response opposing the motion to transfer. On February 16, 2017, the trial court denied the motion to transfer. This petition followed.
Standard of Review
"A petition for a writ of mandamus is the appropriate 'method for obtaining review of a denial of a motion for a change of venue' pursuant to § 6-3-21.1. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998)....
" '....'
" 'A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified "in the interest of justice." ' Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala. 2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, ibr.US_Case_Law.Schema.Case_Body:v1">id., where 'the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala. Code 1975, compels the trial court to transfer the action to the alternative forum.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 912 (Ala. 2008) (emphasis added)."
Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573 (Ala. 2011).
Discussion
Alfa argues that the trial court exceeded its discretion in denying its motion to transfer the action from Pickens County to Tuscaloosa County. Specifically, it contends that Tuscaloosa County has a strong connection to the case because, among other things, the motor-vehicle accident that gave rise to Holley's claim occurred there. In contrast, Alfa asserts that the case has "very little, if any," connection to Pickens County. In particular, it asserts:
"The only connection to Pickens County is that 'a Pickens County resident was denied insurance benefits.' The Plaintiff, however, did not purchase the policy, did not request the issuance of the policy, did not pay any part of a premium on the policy, did not have the policy delivered to him, and was not involved 'in any way in the procurement, delivery to the insured, or payment for the policy.' "
*544 Therefore, Alfa asserts that the interest-of-justice prong of Alabama's forum non conveniens statute mandates a transfer to Tuscaloosa County.
Section 6-3-21.1, Ala. Code 1975, provides, in pertinent part:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
(Emphasis added.)
"Historically, the plaintiff has had the initial choice of venue under the system established by the legislature for determining venue. Before the enactment of § 6-3-21.1 by the Alabama Legislature in 1987, a plaintiff's choice of venue could not be disturbed on the basis of convenience to the parties or the witnesses or in the interest of justice. With the adoption of § 6-3-21.1, trial courts now have 'the power and the duty to transfer a cause when "the interest of justice" requires a transfer.' Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 660 (Ala. 1998) (emphasis added). In First Family, this Court noted that an argument that trial judges have almost unlimited discretion in determining whether a case should be transferred under § 6-3-21.1'must be considered in light of the fact that the Legislature used the word "shall" instead of the word "may" in § 6-3-21.1.' 718 So.2d at 660. This Court has further held that 'Alabama's forum non conveniens statute is compulsory.' Ex parte Sawyer, 892 So.2d 898, 905 n.9 (Ala. 2004)."
Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748-49 (Ala. 2010).
"The 'interest of justice' prong of § 6-3-21.1 requires 'the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.' Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala. 1998) ]. Therefore, 'in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the "nexus" or "connection" between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 911 (Ala. 2008). Additionally, this Court has held that 'litigation should be handled in the forum where the injury occurred.' Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider 'the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.' Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala. 2007)."
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala. 2008).
The parties do not dispute that the complaint was filed in an appropriate venue, namely, Pickens County. Likewise, they do not dispute that the action could properly have been filed in Tuscaloosa County.[1] However, they do dispute whether *545 the interest-of-justice prong of § 6-3-21.1 requires a transfer of the underlying case from Pickens County to Tuscaloosa County.
As Alfa points out in its brief, the Alabama Court of Civil Appeals addressed a factually similar case in which similar arguments were made in Ex parte Alfa Mutual Insurance Co., 142 So.3d 728 (Ala. Civ. App. 2013). In Ex parte Alfa, Willie Kirk, a resident of Macon County, filed a complaint in the Macon Circuit Court against Alfa and various fictitiously named defendants, asserting claims that arose out of an automobile accident he had had with Melissa Nelson, who was alleged to be uninsured, in Lee County. After the accident, Kirk was treated at a hospital in Lee County and later received follow-up treatment from a number of medical-care providers located in Lee County. Alfa filed a motion to transfer the case to Lee County based on the doctrine of forum non conveniens; Kirk filed a response in opposition in which he asserted that "the gravamen of his claim was the insurer's alleged breach of the parties' insurance contract." 142 So.3d at 729. The trial court denied that motion, and Alfa petitioned for a writ of mandamus.
The Alabama Court of Civil Appeals granted Alfa's petition and issued the writ, reasoning, in relevant part:
"In this case, substantially all the pertinent events occurring after the formation of the parties' insurance contract that can be said to constitute the factual basis of the insured's claimed right to recover benefits under the uninsured-motorist coverage provisions of that contract occurred in Lee County. See Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111, 1115 (Ala. 2004) (uninsured-motorist-insurance claimants had the legal burden to demonstrate fault on the part of the uninsured motorist and the extent of damage stemming therefrom before the claimants could recover from their insurer under the pertinent policy; therefore, the act or omission underlying their claim occurred, and the claim arose, at the place of the automobile collision made the basis of the claimants' civil action against their insurer ). In contrast, the insured was a resident of Macon County at the time his cause of action against the insurer accrued, and it is not disputed by the insurer that it does business by agent in Macon County.
"....
"The insurer correctly notes in its petition that the 'interest of justice' prong of § 6-3-21.1 requires 'the transfer of [an] action from a county with little, if any, connection to the action, to the county with a strong connection to the action,' Ex parte National Sec. Ins. Co., 727 So.2d 788, 790 (Ala. 1998), an inquiry that necessarily 'focuses on whether the "nexus" or "connection" between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 911 (Ala. 2008). We further note that, '[a]lthough it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis.'
*546 Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573-74 (Ala. 2011).
"The materials submitted by the insurer in support of its petition indicate a strong connection between the insured's claim and Lee County. The collision that forms the factual basis of the insured's claim occurred in Lee County, and the initial medical providers and responders who ministered to the insured did so in Lee County. Further, Nelson, the motorist alleged to have been at fault in that collision, resides in Lee County, and there is currently a parallel action pending in Lee County involving the insurer's claim for reimbursement against Nelson that will likely necessitate testimony from the same witnesses for resolution; thus, in the words of Tennessee Bank, the courts of Lee County can be said to already have been 'burden[ed]' by litigation concerning the collision. ...
"The insured's filings in the Macon Circuit Court do not touch and concern the interest-of-justice prong of § 6-3-21.1 so much as they do the convenience-of-parties-and-witnesses prong. Regardless of whether any or all of the insured's current treating physicians are located in Jefferson County or in Lee County, their sole nexus with the insured's action is their treatment of the insured, which has not occurred in Macon County. Although the insurer does business by agent in Macon County and delivered the pertinent insurance policy to the insured in Macon County, the claim asserted by the insured is, as Ex parte State Farm indicates, one that is actually in the nature of a hypothecated tort claim against Nelson as to which the insurer is ostensibly responsible to pay. That hypothecated tort claim, like the insurer's parallel claim against Nelson that actually sounds in tort, is rooted in events that occurred in Lee County and is comparatively less intimately connected to Macon County and, thus, fails to warrant burdening Macon County's court services and resources. See Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 and n.2 (Ala. 2008) (in which our supreme court granted a petition seeking a transfer of a tort action from Macon County to Lee County when only one individual defendant out of five total defendants resided in Macon County and a second defendant did business there; in contrast, the automobile crash made the basis of the claim had occurred in Lee County and had been investigated by Lee County authorities).
"Based upon the foregoing facts and authorities, we conclude that the Macon Circuit Court acted outside its discretion in denying the insurer's motion to transfer the insured's action from Macon County to Lee County to the extent that that court concluded that the interest of justice did not require the requested transfer."
Ex parte Alfa Mut. Ins. Co., 142 So.3d at 730-32.
Based on the reasoning in Ex parte Alfa and the cases cited therein, Alfa has established that Tuscaloosa County has a stronger connection to the claims in this case than has Pickens County. The accident occurred in Tuscaloosa County. See Ex parte Wachovia Bank, N.A., supra, and Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111 (Ala. 2004). Also, law-enforcement personnel who responded to the accident worked in Tuscaloosa County; Holley was treated by emergency-medical-services personnel from Tuscaloosa at the scene of the accident; Holley was taken to a hospital in Tuscaloosa County after the accident; and Holley received follow-up treatment from three medical-care providers in Tuscaloosa County. Further, both Holley and Evans worked in Tuscaloosa County, and Evans resided in Tuscaloosa *547 County at the time the motion to transfer was filed. In contrast, Pickens County's only connections to the case were the fact that Holley is a resident of Pickens County and that the Alfa agent who issued the policy to Tilley was located in Pickens County. However, Holley did not originally purchase the policy, and his name was not on the original policy. Also, it appears that Holley did not pay any of the premiums for the policy.[2] Even though there is not any indication that there is a parallel action pending in the Tuscaloosa Circuit Court at this time, as Alfa points out: "This Court has held that 'there can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover.' Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033, 1035 (Ala. 1983)." Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 563 (Ala. 2005). Also, Holley's "hypothecated tort claim ... is rooted in events that occurred in [Tuscaloosa] County and is comparatively less intimately connected to [Pickens] County and, thus, fails to warrant burdening [Pickens] County's court services and resources." Ex parte Alfa Mut. Ins. Co., 142 So.3d at 731. Finally, we reiterate that, "[a]lthough it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis." Ex parte Wachovia Bank, N.A., 77 So.3d at 573-74. Under these circumstances, Pickens County has only a very weak overall connection to the claims and Tuscaloosa County has a much stronger connection to the claims. Therefore, the interest-of-justice prong of the forum non conveniens statute requires that the action be transferred to Tuscaloosa County.
Conclusion
For the above-stated reasons, we conclude that the trial court exceeded its discretion in denying Alfa's motion for a change of venue based on the interest-of-justice prong of the forum non conveniens statute. Accordingly, we grant Alfa's petition for the writ of mandamus and direct the trial court, in the interest of justice, to vacate its order denying the motion to transfer the action to the Tuscaloosa Circuit Court and to enter an order transferring the case from the Pickens Circuit Court to the Tuscaloosa Circuit Court.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Bryan, and Sellers, JJ., concur.
Murdock, J., dissents.

With regard to venue of actions against corporations, § 6-3-7, Ala. Code 1975, provides, in pertinent part:
"(a) All civil actions against corporations may be brought in any of the following counties:
"(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred...; or
"....
"(3) In the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence."

In his answer to the petition, Holley cites additional "facts" that allegedly support the trial court's ruling denying a transfer to Tuscaloosa County. However, because those "facts" were "contained in 'statements of counsel in motions, briefs, and arguments,' [they] cannot be considered 'evidentiary material' and thus will not be considered by this Court." Autauga Heating & Cooling, 58 So.3d at 749-50.